SABATINO FIORE *vs.* WANSKUCK COMPANY.

JULY 28, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition to review an agreement and receipt which suspended a preliminary agreement providing compensation during total incapacity. The case is here on the petitioner's appeal from a decree of the workmen's compensation commission affirming the decree of a single commissioner which denied and dismissed the petition. Such decree specifically found that the petitioner had not established by the required proof that he was totally or partially incapacitated by reason of the injury stated in the preliminary agreement as amended; that he had completely recovered from all such injuries; and that any incapacity he has now is not causally connected with those injuries.

In support of his appeal petitioner has duly filed five specific reasons of appeal. However, in his brief he has compressed them into two questions, namely: Were the findings in the decree determined by the commission by applying the proper rules of law in weighing the evidence, and were such findings supported by a fair preponderance of the evidence? The petitioner contends that the commission in weighing the evidence did not follow the correct rule of law. And he also contends that if it did, it nevertheless erred because the decision is contrary to the fair preponderance of the evidence.

It appears from the evidence that petitioner was injured on October 18, 1951 while working as an elevator operator in respondent's mill in the city of Providence. Thereafter on November 15, 1951 the parties entered into a preliminary agreement which described the cause of the injury as "Cable of elevator broke falling on cross beam and dropped thru on to operator." The nature and location of the injury was given as "Contusion upper back." The agreement provided for compensation of $28 a week for the duration of total

incapacity. The petitioner received such compensation until February 15, 1952. In a settlement receipt dated February 21 he acknowledged receipt of a final payment of $39.20 making a total of $476, and also that he had returned to work at regular wages February 18, 1952. Such receipt was duly approved by the director of labor on March 28, 1952.

It further appears from the evidence that petitioner did not return to his former job of elevator operator but was given work cleaning bobbins which could be done while he was seated. He worked at this job about two months and then was laid off because there was no more work. The petitioner has not worked since and claims that he is unable to do heavy work because of his back, which he testified still pains him. On May 21, 1954, four months prior to the hearing before the single commissioner, he was examined by Dr. Caroll M. Silver, an orthopedic specialist. The doctor diagnosed petitioner's condition at that time as myofascial low back strain associated with moderately advanced hypertrophic arthritis of the lumbar spine and obesity. He attributed petitioner's back strain to the injury of October 18, 1951 as it was described to him by petitioner.

Doctor Louis A. Sage examined petitioner on May 20, 1954 and found that he could not do his regular work largely because of his obesity but that he could do light work such as he had been doing cleaning bobbins. From the doctor's testimony as a whole the commissioner could have reasonably inferred that petitioner, if incapacitated at all, was not able to work because of other ailments not resulting from his injury.

Doctor Jarvis D. Case, respondent's plant physician, attended petitioner after the accident at the mill. The last time he saw him was February 11, 1952, one week before petitioner went back to work. When he saw him previously on January 9, 1952 the doctor did not believe there was much real trouble with him and ordered X rays taken to

determine whether petitioner had arthritis. Such X-ray photographs showed arthritis in the lower cervical spine.

The petitioner's credibility as a witness was attacked by respondent in cross-examination. Several matters on which he was questioned at some length, and which we need not detail here, could very well have impressed the commissioner as weakening if not destroying petitioner's credibility, thus rendering much of his testimony of doubtful value. The commissioner appears to have considered such matters in weighing the evidence and he comments on one of them in his decision. It is reasonable to assume that the full commission in reviewing such decision and weighing the evidence also considered them. In reaching its final conclusion that petitioner had not proved his case by a fair preponderance of the evidence, its view of petitioner's credibility could have adversely affected not only his testimony but also the history of his ailments and general physical condition which he gave to the medical examiners before they examined him and upon which they based that part of their diagnoses favorable to him.

The petitioner contends, first, that the commission did not weigh the evidence in accordance with the fair preponderance rule. There is no indication in the record that it placed upon petitioner the burden of a more onerous rule. Apparently he thinks that it must have done so because, in his opinion, the evidence preponderates in his favor. We cannot agree with such an assumption. It may not be thus inferred that the commission has deliberately chosen not to follow the rule for weighing the evidence that is prescribed by the statute. In the absence of a clear showing to the contrary we assume that an inferior tribunal exercising the judicial process does so according to law. The possible incorrectness of its ultimate decision on the facts before it does not necessarily show that it failed to follow the law.

The petitioner's second contention, that such decision of the commission in the case at bar is erroneous because it is

348

contrary to the weight of the evidence, is based upon his claim that public laws 1954, chapter 3297, authorizes this court on appeal to weigh the evidence and determine for ourselves where the true preponderance lies. By our opinion filed this day in *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335, we held that the statute does not confer such power on this court. The review here remains as it was under the former statute, solely one of law. We still examine the transcript only to determine if there is any legal evidence to support the decree appealed from, since the absence thereof would be an error of law. We are satisfied that there is such evidence here, and therefore there is no reason for disturbing the decree of the commission on that ground.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Edward I. Friedman, Anthony E. Pontarelli, Aram K. Berberian,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondent.