GEORGE JACOB *vs.* MOSHASSUCK TRANSPORTATION COMPANY

*et al.*

AUGUST 24, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300. The case was heard in the first instance by the director of labor, who awarded the petitioner compensation. The employer appealed therefrom to the superior court where, after a hearing *de novo*, a justice thereof rendered a decision finding that the petitioner had failed to prove the injury alleged. Thereafter a decree containing such finding was entered. The case is before us on the employee's appeal from that decree.

It appears from substantially undisputed testimony that petitioner was employed as a maintenance man for respondent and that either late in November or early in December 1951 he was directed to make repairs to a frozen water pipe in a men's room at respondent's plant. This room, which was located off an outside platform, was about four feet by six feet in area and the ceiling was about seven to nine feet above the floor. Among his tools the petitioner had a soldering iron, a blowtorch, and a pot of liquid, the basic com-

ponent of which was hydrochloric acid. The testimony indicates that it was necessary to treat the burst water pipe with this acid in order to successfully apply the solder.

The day was cold and windy and the petitioner was using the blowtorch to heat the burst pipe. In order to prevent the torch from being extinguished by the wind, petitioner was required to keep the door to the room closed. It took about two hours to complete the job. The petitioner testified that as he worked he could detect the odor of the acid, had a tickle in his throat, and "thought that he coughed." When the job was completed the petitioner left the room and went into the open air, whereupon he was seized with an acute shortage of breath.

The petitioner then walked into the garage and sat on the running board of a truck for about fifteen to thirty minutes before he recovered his breath. He went home after work and was still troubled with his breathing, but on the following day, although he did not feel normal, he went to work. He did not report this incident to his employer at that time. The petitioner continued to work for respondent until December 1952, when he terminated his employment because of his physical condition, that is, a shortness of breath.

The decree appealed from contains the following findings of fact: "1. During the month of December, 1951 the petitioner was employed as a maintenance man by the respondent, Moshassuck Transportation Company, and in the course of his employment used an acid solution while soldering copper pipe in a toilet and inhaled certain fumes from said solution. 2. As a result of said occurrence the petitioner has sustained no personal injury arising out of and in the course of his employment, connected therewith and referable thereto."

When the findings are read together, it becomes apparent that the trial justice found that the petitioner had failed to establish that there was a causal relationship between the inhaling of the acid fumes in December 1951 and the em-

physema observed in 1953. An examination of the transcript reveals that there is evidence to support these findings but, as will hereinafter appear, it is not clear on what evidence the trial justice relied in making them. The medical testimony adduced by respondent is to the effect that the emphysema was not caused by whatever inhalation of fumes occurred in December 1951. The testimony of fellow employees of the petitioner adduced by respondent tends to show that petitioner prior to his exposure to the acid fumes in December 1951 suffered from a shortage of breath, which usually became manifest upon his smoking cigarettes. The test applied in appeals of this type is whether there is evidence to support the findings of the trial justice. If there is *any* legal evidence that does support his findings, they are binding and conclusive upon us by force of the act. *Capasso* v. *Firesafe Builders Products Corp.,* 74 R. I. 458, 463.

In the state of the evidence in this case, however, we are hesitant to apply that test. An examination of the transcript reveals that there is testimony in the record which affirmatively supports petitioner's position. In particular, the testimony of Dr. Ezra A. Sharp, who testified on behalf of petitioner, is to the effect that there was a causal connection between the inhaling of the acid fumes by petitioner and the emphysema which the doctor testified he found upon examining him in 1953.

A careful study of the rescript of the trial justice makes it clear that he discredited the testimony of Dr. Sharp and that he did this because of the contents of a letter which Dr. Sharp had written to counsel for petitioner after he had made his first examination. It was clearly the opinion of the trial justice that the contents of the letter referred to indicated a change of opinion on the part of Dr. Sharp of such a character as to render his testimony unreliable. However, the letter upon which the trial justice based this conclusion was not in evidence. An examination of the

transcript shows that he expressly excluded it from admission in evidence.

In our opinion this reliance on excluded evidence was error and in the circumstances it could have misled the trial justice in weighing the evidence and making his ultimate findings. Of course he could have based his finding as to causal relationship solely on the evidence adduced on behalf of respondent regardless of Dr. Sharp's testimony. If he had done this the error under consideration would not be prejudicial. However, we cannot say that he did not rely upon such discrediting of the testimony of Dr. Sharp in reaching the conclusion that petitioner had not established the required causal relationship between his inhalation of the fumes and the emphysema. When we consider the record as a whole, we are unable to ascertain with certainty just what portions of the evidence the trial justice relied upon in making the ultimate findings that were incorporated in the decree. It is our opinion, therefore, that in the circumstances appearing herein, justice will be better served if the cause is tried *de novo* before the workmen's compensation commission, and that in such new trial neither party shall suffer any prejudice as a result of this case being remanded for that purpose.

The petitioner's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for a new trial in accordance with this opinion.

*Letts & Quinn,* for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for respondent.