RAYMOND McDONALD *vs.* JOHN J. ORR & SON, INC.

MAY 28, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an employee's original petition for compensation. After a hearing thereon a trial commissioner on December 2, 1960 entered a decree wherein he found that the petitioner had failed to prove by a preponderance of the evidence "that on or about September 26, 1959 the pe-

titioner sustained a personal injury to wit: an injury to his back which arose out of or was sustained in the course of his employment with the respondent, or was connected therewith, or was referable thereto" and denied and dismissed the petition. From that decree the petitioner appealed to the full commission, which on October 24, 1961 entered a decree affirming the decree of the trial commissioner. The case is before this court on the appeal of the petitioner from that decree.

It is not disputed that on September 26, 1959 petitioner was in the employ of respondent and was assisting in the discharge of the cargo of a vessel moored at the municipal wharf in Providence. In the course of his employment he was operating a small power-driven truck known as a lift truck which struck some obstacle and caused petitioner to be jounced about in the seat thereof in such a manner as to severely injure his left testicle. Thereafter, pursuant to a preliminary agreement executed on December 1, 1959 petitioner received compensation for total disability from September 26, 1959 to February 8, 1960. The only injury described in the preliminary agreement was "trauma to left testicle."

The instant petition filed on May 23, 1960 includes a back injury and an aggravated spondylolisthesis among the injuries to petitioner set out therein. It is not disputed that surgery performed on petitioner in June 1960 revealed that he had been suffering from spondylolisthesis or a congenital malformation of the spinal vertebrae by reason of which such vertebrae do not efficiently interlock in the normal manner. Because of this condition such vertebrae will in some instances slip forward and cause pain. As to a causal connection between the injury to petitioner's back and the aggrevation of the spondylolisthesis revealed by the surgery, the medical expert testified without contradiction that if petitioner "was absolutely symptom free prior to this alleged injury and the pain started at the time of the alleged

injury, then I cannot come to any other conclusion other than that the injury caused his dormant inactive spondylolisthesis to become active or symptomatic."

The commission, appearing to conclude that there was a conflict in the evidence relating to the issue of whether petitioner's spondylolisthesis had become symptomatic prior to the injury that he sustained on September 26, took the view that the weight to be given thereto was a matter properly to be determined by the commissioner. The petitioner in this court, however, contends that there is in the record no competent legal evidence to warrant the finding which the commission made. In compensation cases by virtue of statute the finding of the commission is, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which that finding could properly be made. *Jacob* v. *Moshassuck Transportation Co.*, 84 R. I. 514; *Capasso* v. *Firesafe Builders Products Corp.*, 74 R. I. 458.

In support of his contention concerning the absence of legal evidence in the record to sustain the finding made, petitioner challenges the view taken by the commission as to the probative character of certain evidence adduced in respondent's behalf for the purpose of showing that his back condition had become symptomatic prior to his injury on September 26. The gist of such contention is that the probative thrust of this evidence was misunderstood by the commission, inasmuch as it did not relate to manifestations of the back condition prior to the September injury. However ingenious this argument might be, it is clear upon analysis that it contemplates that this court will weigh the evidence in question.

The evidence thus challenged, in substantial part at least, consists of the testimony of an officer of the respondent corporation who stated that in March 1959 petitioner had declined to join with other employees in the work of sorting

cartons of nails. According to this witness, petitioner had been directed to do so and that petitioner thereupon had told him that "he was sorry he couldn't, that he had a bad back and he couldn't, couldn't do the work." The petitioner, testifying in rebuttal thereto, denied making the precise statement to which respondent's witness testified. The petitioner asserted that he had refused to join in the work of sorting the nails because it was not a part of his required or prescribed duties. By way of explanation of the incident, petitioner testified: "I told him I wasn't breaking my back when I didn't have to for no one * * *."

This testimony of respondent's witness was, in our opinion, legally competent evidence, and the rebuttal testimony of petitioner did not deprive it of that evidentiary character. The petitioner's rebuttal thereof did nothing more than to raise a question of credibility, and the commission's determination of the extent, if any, to which the probative force of respondent's testimony was blunted by this rebuttal constituted a proper exercise of its exclusive fact-finding power. Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court. *Fiore* v. *Wanskuck Co.*, 83 R. I. 344.

The petitioner contends also, as we understand him, that apart from certain evidence adduced in respondent's behalf and admitted over his objection there is nothing in the record that negatives the evidence adduced in his behalf to establish that the symptoms of an aggravation of his spondylolisthesis became manifest immediately after his injury on September 26. In other words, he argues that, absent the evidence claimed to be improperly admitted, there is none contradicting that tending to prove his version as to the time at which an aggravation of his back condition became symptomatic. This is to contend, in effect, that the record here is such that it raises a question as to the legal effect to

be given to uncontradicted and undisputed facts. If this were the state of the record, it would present to this court a question of law as to the legal effect to be attributed to such a fact situation upon which we would be required to pass. *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264, 267.

We do not agree with petitioner's contention. This court has long accepted the view that the positive testimony of a witness, when uncontradicted or unimpeached by other positive testimony or by circumstantial evidence, whether extrinsic or intrinsic, cannot be disregarded by a trier of the facts but must control the findings thereof on the relevant issue. *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180. We have applied this rule in cases arising under the workmen's compensation act. *Walsh-Kaiser Co.* v. *Della Morte*, 76 R. I. 325. But such a state of the evidence is one that is encountered only infrequently. As this court said in the latter case at page 330: "Material testimony on a controlling issue that meets so rigid a test rarely occurs * * *."

The state of the evidence in the record here is not such as would warrant an application of the rule above referred to. Considering the record with the testimony admitted over the petitioner's objection excluded therefrom, it could not be fairly viewed as being uncontradicted or unimpeached on the issue of the existence of a causal connection between the incident of September 26 and the aggravation of the petitioner's spondylolisthesis. We are of the opinion that the evidence is in conflict on that issue and that it raises a substantial question as to the credibility of the petitioner. In compensation proceedings the credibility of witnesses is exclusively for the commission. *Mnych* v. *Lippitt Worsted Mills, Inc.*, 85 R. I. 288. It is our opinion that the instant decision was based upon a determination of the commission as to the credibility of the witnesses and the weight

of the evidence, and in such circumstances it will not be disturbed by this court.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Hendel, Strauss & Surdut, Maurice W. Hendel,* for petitioner.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for respondent.