ANTONIO FERRUCCI *vs.* JOHN SEGRELLA *d.b.a.*
HOME MAINTENANCE COMPANY

APRIL 24, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a petition to adjudge an employer in contempt for the willful refusal to pay compensation to the petitioner in accordance with the order therefor set out in a decree of the workmen's compensation commission

entered on February 9, 1961. From a decree of the full commission affirming a decree of the ·trial commissioner entered April 11, 1962 adjudging the respondent in contempt, the respondent has prosecuted an appeal to this court.

It appears that on February 9, 1961 respondent had been adjudged in contempt by reason of his failure to pay compensation to petitioner and in a decree entered by the commission on that date was ordered to make certain weekly payments on arrearage amounting to over $1,400 as well as other payments as compensation for partial incapacity. The trial commissioner, after hearing on the instant petition, adjudged respondent in contempt for willfully refusing to comply with the terms of the decree of February 9 and entered a decree to that effect. The full commission, on respondent's appeal, entered a decree containing findings "That the respondent has deliberately and intentionally refused to comply with the order" contained in the decree of February 9 and "That there is no extenuating circumstance which excuses the respondent's failure to comply with the order" set out therein. It then found him in contempt and in its decree prescribed the conditions upon which respondent could purge himself of such contempt.

The respondent contends in this court, in substance, that the commission erred in adjudging him in contempt for noncompliance with its order, there being in the record no legally competent evidence that he had the financial ability to comply therewith. In support of this contention respondent directs our attention to the provisions of G. L. 1956, §28-35-43, arguing that under this statute the authority of the commission to adjudge in contempt for a failure to comply with its orders to pay compensation is limited to cases wherein there is a showing of financial ability to make such payments and a concomitant refusal to do so. He contends that the only legally competent evidence in the

instant record on the issue of his ability to comply with the order is his own uncontradicted testimony that he is without financial means to comply therewith.

The respondent appears to view this statute as limiting the commission's authority to adjudge in contempt to situations in which the petitioner has met the burden of first showing the respondent's ability to comply with the order. In short, he contends that, absent a prior finding of financial ability to pay as ordered, evidence as to his motives is incompetent as being without probative force on the antecedent issue of ability to comply.

We cannot agree that §28-35-43 was intended to restrict in any manner the fact-finding power of the commission. It is concerned with the imposition of a substantial financial penalty upon employers who fail to make payments of compensation within two weeks after the date upon which the same became due "unless such nonpayment is excused by the workmen's compensation commission after a showing by the employer or insurer that owing to conditions over which he had no control such payment could not be paid within the period prescribed for payment." This statute contemplates clearly the imposition of the prescribed penalty where there has been a default in timely payment of compensation ordered, and empowers the commission to excuse the imposition of such penalty where a showing is made by the employer or its carrier that payment could not be timely made for reasons beyond its control.

It is to be conceded, however, that, absent some extraordinary circumstance, a finding of willful contempt requires a finding of a refusal to pay by one who has the financial ability to do so. Assuming that nothing in the instant record makes this case an exception to such rule, we turn to a consideration of respondent's contention that the only competent evidence in this record bearing on the issue is that adduced by him, which is uncontradicted and unim-

peached, on the issue of his lack of financial ability. As respondent contends, this court in *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, held that the rule concerning uncontradicted and unimpeached testimony is properly applied in compensation cases, and where such evidence is adduced it is controlling on the relevant issue. It is to be noted, however, that at page 330 of that opinion this court said significantly that "Material testimony on a controlling issue that meets so rigid a test rarely occurs * * *." We are unable to perceive that such a state of evidence exists in the instant case.

This concept of the probative force of uncontradicted testimony and the limitations on its application to specific cases was discussed by this court in *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180. There, at page 183, quoting from *Anderson* v. *Liljengren,* 50 Minn. 3, we said that " 'where the positive testimony of a witness is uncontradicted and unimpeached, either by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it can not be disregarded, but must control the decision of the court or jury. But a witness may be contradicted by the facts he states as completely as by direct adverse testimony. A court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfy them of its falsity.' " It is clear then that the rule from its very nature is one that would have only infrequent application, it being obvious, as we said in *Walsh-Kaiser Co.* v. *Della Morte, supra,* that testimony within the purview of the rule would be rarely encountered. It is our opinion that the testimony on which respondent relies is not so free of impeachment as to warrant an application of the rule above quoted.

It appears that this testimony adduced by respondent in his own behalf is susceptible of findings of fact that are con-

tradictory of his assertion that he lacks financial ability to pay the compensation ordered. As it is concerned with the relationship of respondent to the corporation which finances his personal activities, this testimony clearly demonstrates that improbability inheres therein. We are of the opinion that the testimony on which respondent thus relies as a matter of law is not the uncontradicted or unimpeached testimony contemplated by the rule laid down in *Gorman* v. *Hand Brewing Co., supra.* To the contrary, that evidence taken as a whole is susceptible of reasonable inferences tending to support a finding of ability to pay which constitute legal evidence. *Valente* v. *Bourne Mills,* 77 R. I. 274, 277.

The respondent here, in effect, urges this court to weigh the testimony contained in the record and to make findings of fact therefrom which would be contrary to those found by the commission. He contends that this result may be accomplished by our holding that the reasonable inferences the commission drew from the testimony do not constitute legal evidence that supports the commission's finding as to his ability to pay. This we may not do. The petitioner is not to be denied the benefit of a reasonable inference arising from the evidence. *Mascio* v. *Kaufman Development Corp.,* 87 R. I. 141. The commission in this case properly exercised its fact-finding power and, therefore, its findings are conclusive and binding upon this court in the absence of fraud. As we said in *McDonald* v. *John J. Orr & Son, Inc.,* 94 R. I. 428, 431, 181 A.2d 241, 243: "Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court." It is our conclusion that no error inhered in the action of the commission in finding the respondent in contempt.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to

the workmen's compensation commission for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*Thomas J. Caldarone, Jr.,* for respondent.