210 A.2d 143.

ANTONIO FERRUCCI *vs.* JOHN SEGRELLA *d. b. a.*
HOME MAINTENANCE COMPANY.

MAY 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is an employer's motion to vacate the decision of a single member of the workmen's compensation commission ordering that a mittimus be issued for the commitment of the movant, respondent herein, to the adult correctional institutions for failure to purge himself as contemnor of a final decree of the full commission. It was heard by a single commissioner who granted the motion, vacated the order of commitment and entered a decree accordingly. The cause is before us on the employee's appeal

from a decree of the full commission affirming said decree of the single commissioner.

It appears from the records that on June 15, 1962 by the entry of a final decree of the full commission movant, respondent herein, was adjudged to be in contempt of a final decree of the full commission entered February 9, 1961 by which latter decree he had been ordered to make certain substantial compensation payments to an employee, petitioner herein.

By the terms of the June 15, 1962 decree respondent was permitted to purge himself by making the payments therein determined to be owing and by paying an additional 20 per cent with interest thereon, as provided in G. L. 1956, §28-35-43, as amended. The order further provided that in the event respondent failed to purge himself on or before July 13, 1962 he would be committed to the adult correctional institutions until purged or until further order of the commission.

The respondent not having complied, petitioner on July 17, 1962 filed a petition praying that a mittimus issue in accordance with the decree of June 15, 1962. A hearing was held thereon before a single commissioner on July 25, 1962 and resulted in an order that respondent be committed as provided in the decree. Meanwhile respondent had claimed an appeal to this court from said decree and apparently the July 25 order of the single commissioner remained unenforced.

On October 29, 1962 the instant motion was filed with the commission and hearing thereon was continued from time to time until May 29, 1964. Apparently the matter was held in abeyance until after the decision of this court on respondent's appeal from the full commission's final decree of June 15, 1962. Our decision was filed April 24. 1964, *Ferrucci* v. *Segrella*, 98 R. I. 88, 199 A.2d 732, wherein we affirmed the June 15, 1962 decree and denied and dismissed the appeal.

At the May 29, 1964 hearing on respondent's motion to vacate the decision of the single commissioner ordering respondent's commitment, evidence was apparently received and weighed by the single commissioner but the transcript of that hearing is not in the record before us. However it appears from his decision made at the conclusion of that hearing that respondent had been adjudicated a bankrupt on July 27, 1962, two days after he had been ordered committed. It further appears that the parties had agreed, as they did before us, that respondent's obligation to pay compensation benefits, past and future, was absolved by his discharge in bankruptcy. The petitioner has argued throughout however that the discharge does not include the penalty of 20 per cent and interest thereon which, in addition to the regular compensation benefits, respondent was obligated to pay as a condition to purging himself.

In any event the single commissioner found as a fact that respondent was presently unable to make any payment and referring to *Ferrucci* v. *Segrella*, 98 R. I. 88, 199 A.2d 732, held that no good purpose would be served by committing respondent to the adult correctional institutions and on July 14, 1964 a decree was entered ordering that:

"1. The motion to modify the decision contained in the decree of this Commission dated June 15, 1962 is hereby granted and the orders contained therein, including the order for the payment of a penalty, are hereby vacated.

"2. The petitioner's motion for issuance of a mittimus is denied."

This decree was affirmed by the full commission and petitioner seasonably claimed an appeal therefrom to this court.

The petitioner contends that although respondent's obligations to pay accumulated and future benefits for partial incapacity were discharged in the bankruptcy proceedings, the order to pay an additional 20 per cent together with interest constituted a penalty which was not discharged,

citing *Spalding* v. *State of New York ex rel. Backus,* 4 How. 21, and other cases.

For this reason he argues that the single commissioner and in affirming his decree the full commission erred in refusing to grant a mittimus. This is so, he insists, because by the decree of June 15, 1962 and affirmed by this court, respondent has failed to purge himself and a mittimus should issue as a matter of law. We do not agree with this contention.

Although the parties argue as though the petition for a mittimus filed July 17, 1962 was denied and dismissed by the single commissioner and the language in his decree entered July 14, 1964 is open to such construction, the record discloses that such was not the case. The July 17, 1962 petition was heard and granted on July 25, 1962. The instant proceedings were commenced by respondent's motion to vacate the order entered July 25, 1962. The question before us in this appeal is whether the single commissioner in the first instance and the full commission on appeal, had jurisdiction to vacate the order of July 25, 1962, and if so whether the decision of the single commissioner had the sanction of law.

We are persuaded that the answers to both such questions must be in the affirmative. In *Segrella* v. *Workmen's Compensation Comm'n,* 91 R. I. 282, this court expressly held that the commission had been vested by the general assembly with a general power to punish for contempt and we think it follows that such inherent power includes the right to revoke an order by which a mittimus was to issue when in the judgment of the commission good cause has been shown therefor. In the instant cause a single commissioner had ordered that a mittimus issue and that respondent be committed to the adult correctional institutions until he had purged himself "or until the further order of this Commission." This quoted phrase clearly shows that the commission was cognizant of the control that it pos-

sesses in connection with its inherent power to punish and we think rightly so.

The single commissioner found as a fact that respondent was without present means to purge himself and that there was therefore no willful refusal as defined by this court in *Ferrucci* v. *Segrella, supra.*

In his reasons of appeal petitioner assigned as the sole ground of error that the decree is against the law. To the extent, therefore, that petitioner contends that the commission was without lawful authority to refuse to punish respondent by ordering his commitment his claim of appeal is denied and dismissed.

However, the decree of the single commissioner affirmed by that of the full commission improvidently purports to vacate the money awarded to petitioner by the final decree of June 15, 1962 and affirmed by this court in *Ferrucci* v. *Segrella, supra.* The respondent's right to a review of the award contained in the June 15, 1962 decree was exhausted with his appeal to this court and the workmen's compensation commission lacked jurisdiction to disturb it.

The parties apparently agreed that the accumulation of weekly compensation benefits to which the petitioner was entitled and awarded in the June 15, 1962 decree were properly discharged in bankruptcy, but they are in disagreement as to whether the penalty of 20 per cent with interest was included therein. With this dispute we are not concerned here but we do hold that no part of the award in the decree of June 15, 1962 could be vacated by the commission on the respondent's application to it. To this extent, therefore, the petitioner's reason of appeal is sustained.

The petitioner's appeal is sustained to the extent stated and is otherwise denied and dismissed, the decree appealed from should be modified in accordance with this opinion, and the cause is remanded to the workmen's compensation commission for entry of a new decree conformable to our decision herein and for further proceedings.

*Pontarelli & Berberian, Grande & Grande, Aram K. Berberian,* for petitioner.

*Thomas J. Caldarone, Jr.,* for respondent.