276 A.2d 460.

## Dart Ind., Inc.-Tupperware Company vs. Theresa Andrade.

APRIL 30, 1971.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is an employer's petition to review a preliminary agreement providing for the payment of compensation for total incapacity from October 16, 1969, such incapacity resulting from a low back injury sustained in the course of the respondent's employment with the petitioner. The petition was heard by a trial commissioner, who found that the respondent could perform certain work offered her by the petitioner and had refused to attempt to do so. The trial commissioner, in so finding, relied expressly on the testimony of Dr. William F. Sam-

martino, who had attended the respondent, that, in his opinion, she could do any kind of work.

The trial commissioner thereafter entered a decree in which he found that petitioner had offered light work to respondent at wages equal to or in excess of those which she had been earning when injured; that respondent was able to perform such work on a full-time basis; and "That the respondent, therefore, has no present loss of earning capacity and is able to return on a full time basis to work that she has been offered." The decree further directed that petitioner be allowed to suspend further payment of compensation to respondent. The respondent appealed to the full commission and is now in this court prosecuting an appeal from the decree of the full commission affirming that of the trial commissioner.

The prime contention of the employee is that there is no probative evidence in the record that will sustain the trial commissioner's findings that the employer had offered respondent light work that would pay an amount equal to or in excess of that which she had been earning when she was injured or that she was able to perform such work on a full-time basis. Therefore, she argues that there is no evidence to sustain the finding that the employee has no present loss of earning capacity and is able to return on a full-time basis and do the work that she had been offered. It is, of course, well settled that the findings of the compensation commission are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which such findings can properly be made. *Jacob* v. *Moshassuck Transportation Co.*, 84 R. I. 514, 125 A.2d 184.

The employee argues vigorously that the testimony adduced through Dr. Sammartino was without probative force on the issue of her ability to perform the work offered her. She contends that Dr. Sammartino testified, not on the basis

of adequate physical examinations made by him, but merely on his observations of the employee, and his testimony is, therefore, without probative force. With this contention we are unable to agree.

We are of the opinion that the testimony of the doctor concerning her ability to perform the work offered is clearly susceptible of a reasonable inference that her physical condition had improved to such extent that she could perform the three types of work which the employer's personnel manager testified were available to her at her prior wages.[1] Neither are we persuaded that the testimony as to the opinion of another medical witness which was contrary to that expressed by Dr. Sammartino, in any manner rendered the testimony of Dr. Sammartino incompetent for want of probative force.

These contentions put before the commission a question of weight and credibility, and, as we said in *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428, 181 A.2d 241, the determination of credibility where evidence is in conflict constitutes a proper exercise of the exclusive fact-finding power of the commission. In that case we said: "Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court." *Id.* at 431, 181 A.2d at 243.

The employee contends further that she was prejudiced by the failure of the trial commissioner to have appointed

---

[1]The personnel manager testified that any qualified individual may perform this work but that the jobs are "* * * primarily for girls who make complaints of not feeling well, they feel as though they are not capable of operating a machine on a particular day, to relieve them of that, we would take them off their regular job and put them on jobs of this nature." In reply to a question directed to him by the trial commissioner, the witness testified that the employee could have any one of these three jobs, all of which pay wages at her previous level and would be available to the employee on a full-time basis.

an impartial medical examiner to resolve the "complete conflict of medical testimony." The statutes authorizing trial commissioners to appoint impartial medical examiners make it a matter of discretion with the trial commissioner whether he shall so act. General Laws 1956, §§28-33-35. 28-35-22, and 28-35-24. These statutes authorize the appointment of impartial examiners and give the trial commissioner discretion to do so on his own motion or on the motion of a party to the proceeding.

We are unable to perceive that there was any unusual situation concerning the evidence of the physical condition of the respondent that would require the trial commissioner to exercise his discretion in this result or be guilty of error. Neither do we find anything in the record that indicates that the employee moved for the appointment of an impartial medical examiner. In these circumstances we feel that the contention of the employee is without merit. We conclude, then, that the Workmen's Compensation Commission did not err in affirming the decree of the trial commissioner authorizing the employer to suspend payments of compensation.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Worrell and Hodge, Eldridge H. Henning, Jr.*, for petitioner.

*Morriss & Vacca, James R. Morriss, Anthony Vacca*, for respondent.