316 A.2d 504.

ROBERT ST. LAURENT *vs*. KAISER ALUMINUM & CHEMICAL CORPORATION.

MARCH 22, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an employee's petition for specific compensation for permanent disfigurement about the head and face under the Workmen's Compensation Act. General Laws 1956 (1968 Reenactment) §28-33-19 (n) (2), as amended by P. L. 1969, ch. 144, sec. 1. The trial commissioner entered a decree ordering specific compensation for disfigurement, and the full commission affirmed. Both Robert St. Laurent, the employee, and Kaiser Aluminum & Chemical Corporation (Kaiser), the employer, have appealed.

On October 30, 1969, St. Laurent was employed as a millwright for Kaiser. While he was operating a power drill on that date, the drill bit fractured. A metal fragment from the bit entered St. Laurent's right eye, causing him to lose his sight in that eye. The parties entered into preliminary agreements providing for the payment of specific compensation for the entire and irrecoverable loss of sight in the right eye and for total disability and dependency benefits until he returned to work on January 5, 1970. The condition of his eye deteriorated after he returned to work, and it became necessary to enucleate the eye on June 25, 1970. The parties then executed a supplementary preliminary agreement for total disability and dependency benefits. Kaiser, a self-insurer, supplied St. Laurent with a custom-built artificial eye, which the trial commissioner found "* * * matches his left eye in color and shape and to some extent, moves in tandum [sic] with the left eye."

At the hearing before the trial commissioner, St. Laurent

testified that occasionally his eye socket was irritated by the artificial eye, which he then removed and wore dark glasses. At that hearing, photographs, both in black and white and in color, were admitted into evidence, depicting St. Laurent with and without the artificial eye in place. The trial commissioner also visually examined St. Laurent with and without the artificial eye in place. Subsequently, the trial commissioner awarded specific compensation for disfigurement. The full commission entered a decree affirming the decree of the trial commissioner and awarded specific compensation in the amount of $45 per week for a period of 60 weeks.

On appeal Kaiser argues that there was no disfigurement within the meaning of the statute and alternatively that if St. Laurent's claim was within the statute, the amount awarded should be based on the appearance of St. Laurent with his artificial eye in place. St. Laurent argues on his appeal that the amount of the award was "totally inadequate," "not equitable," and "shocks the conscience of anyone with ordinary sensibilities."

It is clear that §28-33-19 (n) (2), as amended,[1] provides compensation for permanent disfigurement about the face, head, neck, hand, or arm. The thrust of the legislative intent is best appreciated when it is realized that the section

[1]General Laws 1956 (1968 Reenactment) §28-33-19 (n), as amended by P. L. 1969, ch. 144, sec. 1, provides, in pertinent part, as follows: "In case of the following specified injuries there shall be paid in addition to and concurrently with all other compensation provided for in chapters 29 to 38, inclusive, under this title a weekly payment equal to one-half (½) of the average weekly earnings of the injured employee, but in no case more than forty-five ($45.00) dollars nor less than thirty ($30.00) dollars per week. * * * (2) For permanent disfigurement about the face, head, neck, hand, or arm, the number of weeks which according to the determination of the workmen's compensation commission is a proper and equitable compensation, not to exceed three hundred (300) weeks, which sum shall be payable in addition to all other sums under this section wherever the same shall be applicable."

awards such compensation for disfigurement in addition to and concurrently with all other compensation provided for by the Workmen's Compensation Act. Disfigurement is compensable under the Act even though there is no impairment of earning capacity. *Matthews* v. *Falvey Linen Supply, Inc.,* 110 R. I. 558, 294 A.2d 398 (1972).

This court has never defined "disfigurement" within the contemplation of our statute. However, a disfigurement is "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mis-shapen or imperfect or deforms in some manner." *Superior Mining Co.* v. *Industrial Comm'n,* 309 Ill. 339, 340, 141 N.E. 165, 166 (1923); *see also Bethlehem-Sparrows Point Shipyard, Inc.* v. *Damasiewicz,* 187 Md. 474, 50 A.2d 799 (1947); *Murdaugh* v. *Robert Lee Construction Co.,* 185 S.C. 497, 194 S.E. 447 (1937). It must be an "observable impairment of the natural appearance of a person." *Arkin* v. *Industrial Comm'n,* 145 Colo. 463, 472, 358 P.2d 879, 884 (1961).

We see no merit in Kaiser's contention that disfigurement within the meaning of the statute is not here present because it had supplied the employee with an artificial eye. Neither do we agree with the contention that the disfigurement contemplated in the Act is to be determined on the basis of the employee's appearance with the artificial eye in place. Clearly, the implication of this argument is that such disfigurement, to be compensable under the statute, must be of such magnitude as to substantially diminish the employment potential of the employee and thus to adversely affect his pecuniary or economic interests. Nothing in the language of the statute, in our opinion, warrants such an implication.

We are persuaded that the Legislature was not motivated, in providing compensation for such disfigurement, by an intent to penalize the employer. Rather, the Legislature

clearly sought to provide a proper and equitable compensation to the disfigured employee in addition to and concurrently with all other compensation provided for in the Act. The statute requires the commission to determine the existence and extent of the disfigurement on the basis of all relevant, material evidence submitted by the parties.

The question is whether the employee has sustained permanent disfigurement about the face or head, which is a question of fact presented to the commission for determination. The commission is vested with a comprehensive and exclusive fact-finding power. When, in an exercise of that power, the commission establishes findings of fact, absent fraud, those findings will not be disturbed by this court. Only when there is in the record no competent legal evidence to support the findings made by the commission will this court undertake to review such findings. *McDonald* v. *John J. Orr & Son,* 94 R. I. 428, 181 A.2d 241 (1962); *Morton C. Tuttle Co.* v. *Carbone,* 84 R. I. 375, 125 A.2d 133 (1956); *Fiore* v. *Wanskuck Co.,* 83 R. I. 344, 116 A.2d 186 (1955). When the commission engages in an exercise of its fact-finding power, any evidence that is material and relevant to the issue before it is properly admissible.

Here the record discloses that the trial commissioner had made observations of the appearance of the employee with the artificial eye in place in the socket and with it not in place. He was provided with and studied photographs, both in black and white and in color, showing the employee's appearance with the artificial eye in place and with it not in place. It further appears from the record that at the hearing before the trial commissioner the employee testified that occasionally his eye socket became irritated while he was wearing the artificial eye, and he would be compelled to remove it and wear dark glasses for indeterminate periods of time. We are of the opinion that this all constituted legally competent evidence which clearly would support the

finding of the trial commissioner that there was a permanent disfigurement about the face.

The record does disclose that in his decision, which was affirmed by the full commission, the trial commissioner made his finding of disfigurement on the basis of the fact that the employee was unable to continuously keep the artificial eye in the eye socket. That does not, however, in our opinion, leave his finding as to the existence of a permanent disfigurement without any legally competent evidence to support it, and in such circumstances the conclusions of fact are not reviewable by this court.

The employee's appeal rests upon his contention that the commission erred in awarding him specific compensation for disfigurement for a period of 60 weeks at $45 per week. Such an award, he argues, was totally inadequate and inequitable. The statute directs the commission, upon finding permanent disfigurement, to award compensation for a period of up to 300 weeks in an amount that in its "determination * * * is * * * proper and equitable." It is clear, then, that the amount of compensation that would be proper and equitable in given circumstances is a question addressed to the sound discretion of the commission.

Here, after finding that the employee had sustained a permanent disfigurement about the face, the commission determined that it was proper and equitable to award him compensation therefor for a period of 60 weeks at $45 per week. As we have noted, this is a matter which is committed to the sound discretion of the commission, and in the circumstances we cannot say that the award was so inadequate as to show an abuse of that discretion. Cf. *Dart Ind., Inc.-Tupperware Co.* v. *Andrade,* 108 R. I. 474, 276 A.2d 460 (1971); *Carr Fulflex, Inc.* v. *Borges,* 107 R. I. 648, 270 A.2d 87 (1970).

The appeals of the petitioner and the respondent are denied and dismissed, the decree appealed from is affirmed,

and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Lovett & Linder, Ltd., Raul L. Lovett, Stephen G. Linder,* for petitioner.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.