Fernanda M. MATIAS

v.

DAVOL, INC.

No. 81–422–Appeal.

Supreme Court of Rhode Island.

April 7, 1983.

Lovett, Morgera, Schefrin & Gallogly, Ltd., Raul L. Lovett, Providence, for peti-tioner; Lauren E. Jones, Providence, on brief.

Boyer, Reynolds & DeMarco, Bernard W. Boyer, Providence, for respondent.

OPINION

WEISBERGER, Justice.

This is an appeal from a final decree of the appellate commission of the Workers' Compensation Commission. Denying petitioner's appeal from the decision and decree of the trial commissioner, the appellate commission determined that the respondent could use drafts rather than checks to make weekly payments to the petitioner for her partial incapacity to work. We affirm.

A decree of a trial commissioner awarded these payments to petitioner on June 2, 1980. The respondent paid petitioner in the form of drafts instead of checks. Contending that this form of payment did not satisfy the "weekly compensation" requirement of G.L.1956 (1979 Reenactment) § 28–33–18, petitioner filed a petition to enforce the decree with the Workers' Compensation Commission. Determining that the Workers' Compensation Act is silent concerning the form of payment of weekly compensation, a trial commissioner found that such payments could be made in cash, checks, or drafts. He therefore denied and dismissed the petition. The appellate commission affirmed and found further that respondent had no control over the banking procedures that might have delayed payment on the drafts that petitioner received. Accordingly, the commission found that respondent was properly excused from the late-payment penalty provisions of § 28–35–43.

Section 28–33–18 requires an employer to pay "weekly compensation" to an injured employee for the employee's partial incapacity for work resulting from the injury. At oral argument before this court, petitioner's attorney conceded that he did not expect respondent to pay petitioner's bene-

fits in cash. The petitioner asserts, however, that respondent's use of a draft "payable through a foreign bank" for this purpose does not comport with the "weekly compensation" requirement because it "can take weeks" for a draft to "wend its way through banking channels." Moreover, petitioner challenges the appellate commission's finding that any delay in payment attributable to banking procedures was outside respondent's control. She suggests, therefore, that this court should apply the provisions of § 28–35–43 to penalize respondent for late payment of compensation benefits.

■ The respondent contends that petitioner's arguments are factually unsupported. We agree. At the hearing before the trial commissioner, the parties stipulated that respondent paid petitioner by draft instead of by check. The petitioner, however, has offered no evidence to demonstrate that this form of payment caused any delay in her collection of disability benefits. No evidence was presented to show the difference in collection time necessary to obtain payment of a draft as opposed to that necessary to obtain payment of a check. Neither the appellate commission nor this court can make such findings as petitioner requests in a vacuum. We are of the opinion that the appellate commission was correct in denying and dismissing petitioner's appeal.

■ We are sympathetic to the problems that employees might encounter in collecting workers' compensation benefits. We recognize that weekly compensation under the act must be paid "promptly." Section 28–35–39. Moreover, by enacting penalties for delinquent payments, the Legislature intended to encourage prompt payment. *See id.,* §§ 28–35–42 and –43. We are of the opinion, therefore, that an employee must be able to convert into cash a negotiable instrument that is used to pay workers' compensation benefits within a reasonable time after receipt of such instrument. In an appropriate case, the Workers' Compensation Commission may determine whether a particular form of negotiable instrument satisfies this requirement.

For the reasons stated, the petitioner's appeal is denied and dismissed. The papers in the case may be remanded to the Workers' Compensation Commission.