Wesley I. CLEMM, Jr.

v.

C.I. HAYES, INC.

No. 83–221–Appeal.

Supreme Court of Rhode Island.

May 11, 1984.

Raul L. Lovett/Marc B. Gursky, Lovett & Morgera, Ltd., Providence, for petitioner.

George Salem, George E. Healy, Jr., Providence, for respondent.

## OPINION

PER CURIAM.

This is a workers' compensation proceeding in which a decree was entered on April 3, 1981, awarding the employee weekly compensation benefits for an occupational disease. The employer's insurance carrier, however, did not begin to make payments in accordance with the decree until June 3, 1981. Subsequently, on January 22, 1982, the employee filed a "Petition To Enforce Decree," alleging a failure on the part of the employer to comply with the terms of the decree.

The petition is based upon the provisions of G.L. 1956 (1979 Reenactment) § 28–35–43, which provide that compensation payments ordered by a decision of the commission are due an employee on the "effective date of the order and weekly thereafter";[1] if a payment is not made within fourteen days after it is due, an amount equal to 20 percent of the payment is to be added to the unpaid payment unless the employer or its insurer can convince the commission that the delay was due to conditions over which they had no control.

The appellate commission, in sustaining the trial commissioner, looked upon the employee's petition as one seeking to hold the employer in contempt and noted that since at the time of the filing of the petition all the payments due the employee had been made, there was no reason to make a finding of contempt. The trial commissioner, on the other hand, was well aware that the employee was relying on the terms of § 28–35–43 and observed that although the fourteen-day period might have been a reasonable period of time when it first appeared in the Workers' Compensation Act in 1954, things were different in 1982 when a "tremendous volume of cases * * * are being litigated and that are being processed both by employees, employers, and insurance carriers."

Twenty years ago this court in *Ferrucci v. Segrella,* 98 R.I. 88, 90, 199 A.2d 732, 733 (1964), observed that § 28–35–43

"contemplates clearly the imposition of the prescribed penalty where there has been a default in timely payment of compensation ordered, and empowers the commission to excuse the imposition of such penalty where a showing is made by the employer or its carrier that payment could not be timely made for reasons beyond its control."

Recently, in *Matias v. Davol, Inc.,* R.I., 457 A.2d 1063, 1064 (1983), we acknowledged that § 28–35–39 requires the prompt payment of weekly compensation benefits and that the penalty provisions of § 28–35–43 were intended to ensure the promptness of such payment.

The commission rested its efforts on the language of the petition, which spoke of enforcing the decree, rather than on the substance of the controversy, the failure of the insurer to pay the 20 percent penalty or give any reason for the three-month delay in making the initial payment. Neither the

---

1. In *Eaton v. Sealol, Inc.,* R.I., 447 A.2d 1147, 1148 (1982), we stressed that the effective date of a compensation order under G.L. 1956 (1979 Reenactment) § 28–35–43 occurs when the statutory appeal period of five days has expired.

commission nor the trial commissioner can ignore the clear command of § 28–35–43. If the fourteen-day proviso is out of step with today's volume of business in the workers' compensation area, the solution is to be had in the Legislature rather than with the commission.

The employee's appeal is affirmed, the decree appealed from is vacated, and the case is remanded to the appellate commission for the imposition of the 20 percent penalty.

BEVILACQUA, C.J., and MURRAY, J., did not participate.