**Donna KENNEDY**

v.

**KENNEY MANUFACTURING COMPANY.**

No. 85–580–M.P.

Supreme Court of Rhode Island.

Jan. 9, 1987.

Raul L. Lovett, Lovett Scheffrin & Gallogly, Providence, Richard A. Sinapi, Cranston, for plaintiff.

Arlene Violet, Atty. Gen., Sheila Tobie Swan, Asst. Atty. Gen., Madis Suvari, Spec. Asst. Atty. Gen., Lane W. Newquist, Asquith Merolla Anderson Ryan & Wiley, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on a petition for certiorari, filed by Attorney Richard A. Sinapi, to review a contempt finding of a workers' compensation trial commissioner.

On July 16, 1985, Donna Kennedy, an employee of Kenney Manufacturing Company (Kenney), filed a petition with the Workers' Compensation Commission to obtain benefits in compensation for an alleged job-related injury. Commissioner Rao heard the matter on August 8, 1985, and rendered a preliminary determination. He ordered Kenney to pay Ms. Kennedy's compensation, medical bills, and counsel fees unless a hearing was requested.

In August 1985, employer and employee each requested a hearing before the commissioner. The matter was assigned to the regular trial calendar for a full hearing on October 19, 1985. Richard A. Sinapi, petitioner, represented Ms. Kennedy throughout these proceedings. Prior to the assigned trial date, Mr. Sinapi and opposing counsel apparently agreed to a consent decree. The parties failed to notify the commissioner of the agreement and neither party appeared at the hearing. As a result, Commissioner Rotondi dismissed the petition and ordered the file closed.

On November 20, 1985, petitioner and opposing counsel executed a consent decree and presented it to Commissioner Laferriere for his signature and entry into the court file. The following day, Commission-

er Laferriere's clerk notified Mr. Sinapi that the consent decree could not be entered because the file had already been closed by Commissioner Rotondi.

Mr. Sinapi was ordered to appear before Commissioner Rotondi on November 22, 1985. The commissioner ordered him to show cause why he should not be held in contempt for seeking Commissioner Laferriere's approval of a consent decree in a case that Commissioner Rotondi had already closed.

At the show-cause hearing Commissioner Rotondi issued a bench decision finding Mr. Sinapi in contempt. He ordered petitioner to pay a $50 fine to the Workers' Compensation Commission. No decree was entered in the case. The petitioner sought review from this court.

At issue in the case is whether a workers' compensation trial commissioner is vested with criminal contempt power.

We have held that the workers' compensation commissioner possesses the general power to punish for contempt. *Ferrucci v. Segrella,* 99 R.I. 658, 661, 210 A.2d 143, 145 (1965); *Segrella v. Workmen's Compensation Commission,* 91 R.I. 282, 287, 162 A.2d 810, 813 (1960). The Legislature has conferred upon the commissioner the power to punish for civil contempt through G.L.1956 (1986 Reenactment) § 28-30-1. This statute, however, does not limit the commissioner's contempt power.

The workers' compensation commissioner possesses certain judicial powers not specifically conferred by statute. The petitioner concedes the existence of these inherent powers which include, for example, the power to seize and remove persons from the court room. We believe that the power to hold persons in criminal contempt is also inherent in performing the duties of the workers' compensation trial commissioner. It is our opinion, therefore, that Commissioner Rotondi was empowered to cite petitioner for criminal contempt.

Nevertheless, we find that the commissioner erred in the exercise of this pow-

er. In contempt proceedings, the workers' compensation trial commissioner may find guidance as set forth in the Superior Court Rules of Criminal Procedure. Rule 42(a) provides that in order to summarily dispose of a contempt proceeding, the justice must certify that he saw or heard the conduct constituting the contempt.

In the case at bar, Commissioner Rotondi was not present when Mr. Sinapi presented the consent decree to Commissioner Laferriere. Consequently, the requirements of Rule 42(a) were not met. Because of this error, the contempt finding is vacated.

The respondent contends that the petitioner is not properly before this court. Rather, the commission argues that Mr. Sinapi should have first appealed to the Workers' Compensation Appellate Commission. The petitioner claims that he could not properly appeal to the appellate commission because no decree was ever entered. We are of the opinion that under the circumstances the petitioner is properly before us. Future contempt proceedings, however, will only be reviewed by this court after appeal to the appellate commission. Obviously this will require that a written decree be filed by the trial commissioner in the event of a finding of criminal contempt.

For the reasons stated, the petition for certiorari is granted. The writ previously issued is hereby affirmed. The judgment of the commissioner is quashed, and the case is remanded to the commission for further proceedings consistent with this opinion.