VALENTINO CAIRO *vs.* SAYLES FINISHING PLANTS, INC.

JULY 20, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition to adjudge an employer in contempt for failure to comply with the terms of a decree of the superior court in a workmen's compensation case. In accordance with the provisions of public laws 1954, chapter 3297, which transferred jurisdiction over such cases to the workmen's compensation commission, the petition was heard and denied by one commissioner. Thereupon the petitioner duly appealed to the commission and two members thereof affirmed the trial commissioner's decree. From that decree as affirmed the petitioner has appealed to this court.

His reasons of appeal raise questions of law affecting the correctness of the decree itself and also the legal authority of two members of the commission to review such decree. On our view it will not be necessary to consider the questions affecting the decree. The authority of the commission is challenged on the following grounds: 1. Their decision

fails to show that the full commission reviewed the decree. 2. They failed to hold a hearing on the appeal. 3. They failed to file a decision and a new decree. 4. Only one member of the commission was eligible to review the decree of the trial commissioner. 5. A review by one commissioner is contrary to law. 6. The petitioner was prejudiced by failure of the full commission to hear his appeal.

The workmen's compensation commission consists of three members, namely, George Roche, chairman, Herman D. Ferrara, and Donald A. Kingsley. The petition was heard in the first instance by Commissioner Kingsley, hereinafter sometimes referred to as the trial commissioner. Chapter 3297 expressly authorizes a single commissioner to hear and decide cases subject to review by the *full commission* on appeal. Article III, sec. 3 (g). The pertinent portion of that section reads as follows: "The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence within ten days of the expiration of the time within which the parties may file such briefs and memoranda, and if the decision requires the entry of a new decree, notice thereof shall be given the parties, and the new decree shall be entered in the same manner as the original decree, but if the decision of two commissioners does not require the entry of a new decree, the decree shall be affirmed."

In the instant case the trial commissioner's decree was not reviewed by the *full commission*. The commission's written decision contains the following statement: "Commissioner Ferrara did not participate in the hearing of the appeal." Prior to his appointment as commissioner he had appeared as counsel for petitioner in a workmen's compensation case against his employer. Apparently Commissioner Ferrara felt that he was thereby disqualified from hearing petitioner's appeal. As a result it was heard and decided by Commissioner Roche and the trial commissioner. The

petitioner contends that this was not in accordance with the statute.

Chapter 3297 expressly vests appellate jurisdiction in the *full* commission and does not authorize a quorum thereof to exercise such jurisdiction. If the legislature so intended, very likely it would have expressed such intention in language similar to that used when it established the racing commission of three members. P. L. 1934, chap. 2086. In sec. 3 of that chapter it provided: "Two of the members of the commission shall constitute a quorum for the exercise of any of its powers and the performance of any of its duties." In the absence of a like provision in P. L. 1954, chap. 3297, we are of the opinion that it was the intention of the legislature in using the term "full commission" that all members, including the trial commissioner, must consider an appeal. See 73 C.J.S., Public Administrative Bodies and Procedure, §159 (a), p. 498. And as a consequence we are of the further opinion that no commissioner may disqualify himself for any reason since to do so would destroy the appellate tribunal established by the statute.

For the above reason we do not agree with petitioner's contention that the trial commissioner could not legally review his own decree and therefore was not eligible to pass upon the appeal. Ordinarily we would agree that an appellate tribunal and especially one of only three members should not be composed in part of one who heard the case originally, but in the present instance this is a matter within the sole province of the legislature. The appeal to the commission is not one which the legislature was constitutionally required to provide. It is a privilege accorded to the appellant and if he avails himself of it he must take it as he finds it. In view of the statutory requirement he may not complain that any member of the appellate tribunal is disqualified for interest or prejudice or has already heard and decided the case. In the absence of any constitutional objection to the statute which prescribes the appeal we are

bound to apply it as it is written. Therefore only the *full* commission has jurisdiction to hear and determine an appeal.

The respondent apparently concedes that this is the law but contends that the absence of Commissioner Ferrara should be deemed a mere irregularity which does not vitiate the commission's decision affirming the decree. It argues further that the statute requires this court to disregard such an irregularity "unless it be made to affirmatively appear that the appellant was damaged thereby." Art. III, sec. 4. Our answer to these contentions is that we do not deem Commissioner Ferrara's absence a mere irregularity. On the contrary we think it bears directly on the commission's jurisdiction. As pointed out above, the legislature has conferred appellate jurisdiction only on the *full* commission. Two commissioners are not the full commission. There is nothing in the statute that authorizes any number less than the full commission to exercise such appellate power. Hence we are bound to hold that the exercise thereof by only two of the three commissioners was without jurisdiction.

On this view we must reverse their decision as null and void and remand the cause for rehearing and redetermination by the full commission. In this connection it is pertinent to consider petitioner's contentions, first, that he is entitled to a hearing by the commission; and second, that the commission shall decide the appeal on the law and the fair preponderance of the evidence. As we understand such contentions, he claims that he is entitled to an opportunity for an oral argument to the commission in support of his appeal and that it is the duty of the commission, besides deciding any question of law, to review the evidence and determine whether the trial commissioner's decree corresponds to the fair preponderance of the evidence.

It appears from statements of counsel that the commission considers appeals solely on the record and on briefs of the parties without holding a hearing at which they could argue orally in support of their respective contentions. We find

no requirement in the statute for such a hearing. Art. III, sec. 3 (g). It is there provided only that "The full commission shall forthwith review the decree upon the record of the case * * *." In our opinion the commission is free to dispense with oral argument if it sees fit to do so.

As to petitioner's second contention, we agree that the full commission should decide the appeal on the law and the fair preponderance of the evidence. Under the statute the commission is authorized to review the decree upon the record and "shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." Art. III, sec. 3 (g). This means that they are to decide questions of law raised by the reasons of appeal and, if the appellant claims that the decree is against the evidence and the weight thereof, they must examine the evidence and decide whether it preponderates in favor of or against the trial commissioner's decree. In this respect their power of review of such decree is broader than the power of this court over decrees of the superior court under the former procedure in workmen's compensation cases. Under that statutory procedure, as is well known, we were limited in our review of the evidence to determining whether there was some evidence to support the decree, and we were expressly precluded from weighing the evidence.

On the contrary the present statute obliges the full commission to weigh the evidence and decide for themselves where the fair preponderance lies. Consequently the full commission after deciding an appeal should file a written decision containing their rulings on all questions of law and their findings on the weight of the evidence. Whether a new decree shall be entered on such decision is to be determined by a majority of the commission. Where the trial commissioner's decree is affirmed, the statute expressly provides that the entry of a new decree may be dispensed with on the vote of two commissioners. Art. III, sec. 3 (g).

The petitioner's appeal is sustained on the ground that

the decision affirming the trial commissioner's decree is null and void because of lack of jurisdiction of the two commissioners to render it. The decision is therefore reversed and the cause is remanded to the workmen's compensation commission to be heard on the petitioner's appeal and decided in accordance with this opinion.

*Isidore Kirshenbaum,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondent.