ROY DEFUSCO *vs.* OCHEE SPRING WATER CO.

AUGUST 9, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chapter 3297. The case was heard before a single commissioner who entered a decree denying the petition. Thereupon the petitioner appealed to the full commission which, after a hearing on the record, affirmed the decree. The case

is before us on the petitioner's appeal from the decree of the commission.

Upon taking his appeal to the full commission petitioner filed his reasons of appeal, these being six in number. The only question raised thereby was whether there was legal evidence to support the decree of the single commissioner. In his appeal to this court petitioner has set out eleven reasons of appeal and those numbered 5 through 10 are identical with the reasons filed by him in his appeal from the decree of the single commissioner. The remaining reasons, which substantially are concerned with the admission of evidence, over objection, by the single commissioner, were not raised in the appeal to the full commission.

We have held that on an appeal from a decree of the full commission we will not review those matters which were not included in the specific reasons of appeal from the decree of the single commissioner to the full commission. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181, 183. Therefore, the reasons of appeal set out by the petitioner, other than those numbered from 5 to 10, will not be considered. The only question raised by them which we will consider is whether there is evidence to support the finding of the full commission.

The decision, which in effect is restated in the decree appealed from, finds as a fact that the "preponderance of the credible evidence does not sustain the Petitioner's allegation that the fall down the stairs, which occurred on September 27, 1954, resulted in any disability which he may now have, *or has had since October 26, 1954 * * *.*" The commission then drew a negative conclusion that whatever disability the petitioner might have or has had since October 26, 1954 did not result from his fall down the staircase on September 27, 1954. We have held that under the act there is no distinction made between positive and negative findings; that negative findings, in the absence of fraud, are conclusive if supported by legal evidence, *Fossum* v. *Fuller Co.,* 70 R. I.

191; and also that a negative conclusion drawn by the trier of the facts by way of a reasonable inference from other facts in evidence is a finding of fact, *Spolidoro* v. *United States Rubber Co.*, 72 R. I. 269.

It appears from the evidence that the following facts are not substantially disputed. On August 27, 1952 petitioner, while working for a former employer, suffered an injury to his lower back. The injury was diagnosed as a herniated lumbar intervertebral disc. He was paid compensation for total disability until April 2, 1954, at which time a decree was entered in the superior court commuting that case for the sum of $3,500.

A short time after commutation was granted petitioner entered the employ of the present respondent, his work consisting of driving a truck, delivering cases of beverages and picking up empty cases. On September 27, while making a delivery of the respondent's product to a cafe, petitioner fell down a flight of stairs. At the end of the day's work he reported this fall to his superior and, according to the latter, petitioner was limping slightly at the time he made the report. However, he made no subsequent complaint of injury to his superior even though he was questioned about it. On November 5, 1954 he telephoned his superior, asked him to turn in an injury report, and informed him that he was in too much pain to get out of bed.

Prior to such telephone call concerning the injury report, petitioner had worked full time from the date of the fall on September 27, 1954 up to and including October 26, 1954. An examination of the transcript shows that during the period he thus worked he completed the deliveries and pick-ups assigned to his route and that he was without a helper except for one day during that period.

The petitioner testified that he had completely recovered from his earlier injury after his case was "settled" in April 1954. Obviously he was referring to the commutation of his compensation by the superior court. He further testified

that he had driven a truck for a contractor during May 1954, just before he went to work for the respondent here.

Doctor A. A. Savastano, testifying in behalf of petitioner, stated that he had first examined him on November 1, 1954. Under cross-examination this witness testified that he could not say with certainty that the conditions he observed in petitioner on November 1, 1954 resulted from the fall of September 27, 1954. The doctor also stated that in the usual course of petitioner's activities the type of injury which he had sustained in his prior accident of 1952 could recur without any subsequent accident or action. He further conceded that his findings of November 1, 1954 concerning the condition of petitioner was not necessarily caused by petitioner's accident but could equally be a result of the prior injury.

In our opinion, therefore, there is evidence from which the commission could reasonably infer that the petitioner had not proved that his earning capacity had been decreased either in whole or in part as a result of the accident on September 27, 1954. This being his original petition for compensation, the burden to establish these facts by legal evidence was upon him.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Guy E. Gallone,* for petitioner.

*Boss & Conlan, James C. Bulman,* for respondent.