205 A.2d 16.

FRANK LA FAZIA *vs.* CANADA DRY CORPORATION.

DECEMBER 4, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an employee's petition to review incapacity for work. The trial commissioner entered a decree denying the petition. The case is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

The petitioner was employed as a truck driver by respondent. On October 18, 1961 he filed an original petition for benefits under the workmen's compensation act. A

consent decree dated January 5, 1962 was entered in that proceeding awarding petitioner compensation benefits based on an agreed statement of facts which was incorporated therein as findings of fact.

The pertinent findings are that during the course of his employment on August 9, 1961 petitioner fell from his truck and suffered a lumbosacral strain; that he was totally disabled by said injury from August 10, 1961 to October 10, 1961; that he was partially disabled from October 10, 1961 to November 30, 1961; and that since November 30, 1961, he had suffered no disability as a result of said injury. Payments were made in accordance with the decree.

On February 23, 1962 petitioner filed the instant petition. He alleges that his incapacity for work "is now increased" as a result of the August 9, 1961 injury; that he is "not now" earning any wages; that he has made a bona fide attempt without success to obtain suitable work which he is able to perform; and that respondent has not offered him such suitable work.

The petition to review was heard before the trial commissioner on March 14 and April 16, 1962. The only evidence presented at such hearings was the testimony of petitioner, a copy of the consent decree, and two reports from Dr. Stanley D. Simon who had examined petitioner. Doctor Simon's reports consist of a record dated February 12, 1962 and a letter dated April 6, 1962.

The petitioner testified that he did not return to work for respondent on November 30, 1961 because light work was not available to him and his back was still troubling him; that respondent had given him a "lay-off" slip so that he could collect unemployment compensation payments while he was looking for another job; and that he collected such payments until they ran out on January 31, 1962.

He also testified that his back caused him pain from the time of his injury continuously to the time of the hearing;

that he received no medical treatment from November 30, 1961 to January 31, 1962; and that he was refused employment by others when he would mention the fact that he had sustained a back injury while employed.

On January 31, 1962, he obtained employment as a warehouseman at Pocasset Frozen Foods. He testified that he worked from Wednesday, January 31, 1962, until the following Tuesday; that the pain increased because of the work; and that it became necessary for him to stay in bed and to seek medical attention. He stated that he visited Dr. Simon; that after examining him Dr. Simon told him not to go back to work; that he thereupon quit his job; that he saw Dr. Simon again on February 14, 1962; that Dr. Simon sent him to the curative center for treatments; and that he had not worked from the time he left Pocasset Frozen Foods to the time of the hearing.

Doctor Simon's February 12, 1962 report contains a history indicating that petitioner told Dr. Simon that his work at the Pocasset Frozen Foods caused a "marked stiffening of his back and he had difficulty in getting out of bed" and that "He stated that he remained at home and consulted the Bureau of Vocational Rehabilitation and was referred for examination at this time." The report also notes that Dr. Simon had treated petitioner in 1960 for a back strain sustained in June 1960. The diagnosis in the report is "Myofascial back strain." The report also states that petitioner had several episodes of back strain in the past and that Dr. Simon did not think that petitioner "has made a sufficient recovery to attempt to do any heavy work as yet."

The April 6, 1962 letter states that it was Dr. Simon's opinion that petitioner's "present disability" was directly related to and causally connected to the August 9, 1961 injury, and that on January 31, 1962 he had not sufficiently recovered from such injury and was unable to perform work as a warehouseman at the Pocasset Frozen Foods.

The decree of the trial commissioner denying the petition contains the following finding of fact:

"1. That the petitioner has failed to prove by a fair preponderance of the reasonable evidence that he has been incapacitated for work at any time since January 5, 1962 as a result of the injury sustained and set forth in the consent decree which is the subject matter of the instant petition to review."

Under point 1 petitioner contends that in affirming the decree of the trial commissioner the full commission erred in disregarding the uncontradicted and unimpeached testimony of petitioner as probative of the issue of increased incapacity for work resulting from the August 9, 1961 injury. The petitioner cites *Walsh-Kaiser Co.* v. *Della Morte*, 76 R. I. 325, and *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 275, to support his contention on this issue and in effect argues that factually the case at bar is controlled by the principle of law enunciated in those cases.

A careful reading of the record fails to convince us that the full commission erred in applying the rules laid down in the above cases. The petitioner had the burden of proving that his incapacity for work had increased since the entry of the decree on January 5, 1962 and that such increase was causally related to the August 9, 1961 injury. *Hagopian* v. *American Woolen Co.*, 80 R. I. 468; *Pimental* v. *S. Rubin, Inc.*, 92 R. I. 346, 350. The decision of the commission, on which the decree we are reviewing is based, points to certain inconsistencies between petitioner's testimony and Dr. Simon's reports. It will serve no useful purpose to discuss the evidence in detail.

Suffice it to say, they based their ultimate conclusion on the issue of credibility and they pointed out in their decision their reasons for this. They noted the inconsistency between petitioner's testimony and Dr. Simon's report. They also noted that petitioner had not received any medical attention between November 30, 1961 and January 31,

1962. On the basis of such observations the commission concluded that petitioner had failed to sustain his burden. They followed the rule set forth in *Jackowitz* v. *Deslauriers, supra,* at pages 275 and 276, where the court said:

> "Clearly, a justice of the superior court sitting as a fact trier may impeach testimony otherwise uncontradicted and unimpeached on the basis of the observations which he made of the witness and the manner in which he testified.
> * * *
> "A trial justice who relies upon that ground for the impeachment of such testimony should advert in some manner, however briefly, to his reason therefor."

We cannot say that the commission erred in so ruling.

Under point 2 petitioner contends that the commission erred in disregarding the uncontradicted and unimpeached medical reports of Dr. Simon. We do not believe they disregarded the reports as such. But, in our opinion, what actually happened is that they gave no weight to them because they were based on the statements of the petitioner whose credibility, as we noted under point 1, carried little if any weight with the commission. Most of the findings in Dr. Simon's reports are subjective in nature and depend to a great extent on what petitioner told him.

In any event, on the record we cannot say that such reports supplied the quantum of evidence necessary to sustain petitioner's burden in a case such as this. Implicit in the commission's ultimate conclusion is the finding that the reports were of no value in the circumstances.

Under point 3 petitioner contends that the full commission erred in its finding that the "trial commissioner also was warranted in considering the fact that all during this period for which the petitioner is now seeking to be awarded Workmen's Compensation benefits, he was collecting unemployment compensation benefits." There is nothing in the trial commissioner's decision indicating whether he

14

considered this facet of the evidence. In any event we are reviewing the decree of the full commission on this appeal, not the decision of the trial commissioner.

In the context in which this statement with reference to unemployment compensation benefits appears in the commission's decision it is clear that they did not base their decision on the proposition that the collection of such compensation barred petitioner from collecting workmen's compensation benefits. At most it is reasonable to assume that they merely considered this evidence in passing on petitioner's credibility. We cannot say that this constituted reversible error.

In the posture of this appeal we do not reach the issue whether the collection of unemployment compensation benefits bars the right to workmen's compensation benefits. It is a novel question in this state, but it is not before us in this appeal.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Gunning & LaFazia, Albert B. West, V. James Santaniello*, for petitioner.

*Boss, Conlan, Keenan & Rice, H. Eliot Rice*, for respondent.