230 A.2d 885.

FLAMINIO SILVA *vs.* ANTONIO MATOS.

JUNE 30, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an employee's original petition for compensation under the workmen's compensation act. The trial commissioner found as a fact that the petitioner had failed to prove by a fair preponderance of the evidence that he had sustained a compensable injury while in the respondent's employ and therefore held that the petition be denied and dismissed. A decree containing such finding with an order denying and dismissing the petition was entered following a hearing before the trial commissioner. The case is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

This appeal presents a square issue of fact resulting from conflicting evidence with respect to the question whether petitioner sustained a compensable injury while in respondent's employ. After reviewing the trial commissioner's decree upon the record of the case, the full commission filed a decision finding as a fact that petitioner had failed to prove that he had sustained any work-connected injury as alleged and therefore affirmed the decree of the trial commissioner.

We consider first petitioner's contention that the commission's finding is not supported by competent evidence. After examining the conflicting evidence on the question whether petitioner sustained his burden of establishing that he suffered a compensable injury on December 13, 1965, it is obvious that the commission did not credit the testimony of petitioner and his witnesses. This fact-finding process involved a weighing of evidence which the commission is authorized to do under the act. *United States Rubber Co.* v. *Curis,* 101 R. I. 627, 226 A.2d 410. In our opinion there is competent evidence in the record, direct and by reasonable inference, to support the commission's finding that petitioner failed to prove that he sustained a compensable injury on December 13, 1965. The petitioner had the burden of proving the allegations of his petition. *Broadbent* v. *Providence Gas Co.,* 91 R. I. 100, 161 A.2d 204; *Pimental* v. *S. Rubin, Inc.,* 92 R. I. 346, 168 A.2d 463. The commission rejected petitioner's evidence on this question and obviously accepted the testimony presented by respondent. In the absence of fraud, this finding is conclusive. *Litchman* v. *Atlantic Tubing & Rubber Co.,* 100 R. I. 352, 216 A.2d 129; *DeFusco* v. *Ochee Spring Water Co.,* 84 R. I. 446, 124 A.2d 867. We are not authorized under the act to weigh evidence. *McCoy* v. *Cataldo,* 90 R. I. 365, 158 A.2d 271.

We consider next petitioner's contention that the commission misconceived and overlooked material evidence. We find nothing in the record to substantiate this contention. Indeed, we are convinced that in reviewing the record of the hearing before the trial commissioner the full commission carefully considered all of the material evidence and after so doing concluded that the finding of the trial commissioner was supported by a fair preponderance of the evidence. Nor did it overlook the medical evidence presented by petitioner, but it knew that the medical evidence was based on the history given by petitioner—a history

which, as we have indicated, carried no weight with the commission.

We are not persuaded by petitioner's arguments that the commission failed to perform its duty in reviewing the trial commissioner's decree. The answer to petitioner's contention that some of the findings made by the trial commissioner are not supported by the evidence is found in *Curis, supra,* where, in discussing the commission's power and duties we said:

> "* * * The Commission in its appellate capacity has a much broader discretion than that possessed by this court. By law we cannot weigh the evidence in these causes. On its review, however, the commission is free to make its own findings of fact and is not bound to accept any finding of the trial commissioner's decree which it believes to be against the evidence and the weight thereof."

We come finally to petitioner's contention that the commission ignored other unimpeached and uncontradicted testimony presented by him and his witnesses. He argues in substance that since certain of the testimony presented by him is not directly impeached by the testimony of witnesses for respondent, such testimony must be accepted as true. In our opinion petitioner misconceived the decisions of this court in *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, 69 A.2d 689, and the cases which followed that case on the question relating to the issue whether a fact finder is bound to accept a witness' testimony as true merely because there is no direct testimony contradicting it.

In *Della Morte,* 76 R. I. at 330, 69 A.2d at 691, the court pointed out that

> "* * * a witness may be contradicted by the facts which he states as completely as by adverse testimony. A court is not bound to accept the testimony of a witness as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone or with other

circumstances in evidence affect its weight or credibility."

The rule stated in *Della Morte* has been consistently followed by this court in a long line of cases. See *Beals* v. *Lord*, 86 R. I. 241, 134 A.2d 127; *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 162 A.2d 528; *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428, 181 A.2d 241; *Carr* v. *General Insulated Wire Works, Inc.*, 100 R. I. 203, 213 A.2d 700. Those same cases also hold that where the positive testimony of a witness is uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded and will control the decision of the trier of facts.

In the case at bar we are concerned only with the first part of the rule because we are convinced that the commission was justified in inferring from the circumstantial evidence that the testimony of petitioner and his witnesses was not credible on the principal question raised by this record, namely, whether petitioner was injured on December 13, 1965. We hold that on the basis of the totality of evidence in the record the commission was warranted in drawing inferences that negatived the testimony presented by petitioner that he sustained a compensable injury as alleged in his petition.

Having drawn such inferences, the commission was justified in rejecting the petitioner's testimony, and in the circumstances we need not discuss his medical evidence.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Manuel A. DeCarvalho,* for petitioner.

*Edward Bromage, Jr., Henry M. Swan,* for respondent.