253 A.2d 76.
GEORGE M. DZIEKIEWICZ, JR. *vs.* GEORGE ARPIN & SONS, INC.

MAY 20, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

550

KELLEHER, J. This is an employee's petition for benefits under the workmen's compensation act. The trial commissioner awarded the petitioner total incapacity benefits for a period of two months but denied his prayer for compensation for an alleged partial incapacity during the period subsequent to the two months. The petitioner was also granted a counsel fee. Both parties appealed to the full commission. The petitioner contested the denial of partial incapacity benefits while the respondent challenged the award of the counsel fee. The full commission affirmed the trial commissioner's findings. The cause is before us on the petitionerer's appeal from the decree of the full commission.

The respondent is a Rhode Island corporation which operates a moving and storage business. It transports goods both in intrastate and interstate commerce. Its warehouse is located in Cranston. During the time he worked for respondent, petitioner acted as a truck driver, furniture mover and warehouseman. On April 12, 1967. petitioner was

working at the warehouse. He fell off a platform and injured his back. The petitioner remained on the job that day. The pain, however, increased to such an intensity that on the following day he went to his physician for treatment and thereafter stayed away from work for the greater portion of the ensuing two months.

The petitioner returned to work on June 12, 1967, and remained in respondent's employ until December 22, 1967. Ten days thereafter, on January 2, 1968, he and a partner opened a roadside stand in the town of Johnston which specialized in the sale of such items as hot dogs, hamburgers and ice cream. Three weeks later, petitioner commenced these proceedings.

The only witnesses in this case were petitioner and his physician. The petitioner has steadfastly maintained that his December departure from respondent's employ was due to the fact that the residuals of his April fall prevented him from performing the duties assigned him by respondent. His physician testified that when petitioner fell, he received an acute myofascial lumbosacral sprain. This witness stated that when he examined petitioner in January 1968, he was still suffering from the effects of his fall and that in his opinion petitioner could not perform the tasks expected of him by respondent.

In challenging the commission's actions, petitioner claims that its denial of compensation for his partial incapacity was erroneous; that the average weekly wage it set was incorrect; and that his attorney should receive a fee for the services he performed before the full commission.

Throughout the pendency of this cause, petitioner has taken the position that he left respondent's employ because of the pain in his back. The trial commissioner specifically stated that he did not believe that petitioner's leaving respondent's employ was precipitated by his aching back. Instead the commissioner concluded that petitioner left re-

spondent in late December 1967 because he knew he was going into the restaurant business in early January 1968. This finding was approved by the full commission.

The petitioner in claiming that the commission erred in denying him further benefits relies on the testimony of his physician. He points to his physician's opinion that his patient in January 1968 was manifesting symptoms of his April injury and as a result, he could not work for respondent. The employee in emphasizing this evidence overlooks a long-standing principle, namely, that our workmen's compensation act provides benefits only for the loss of earning capacity—not physical injury. *Best Plastics, Inc.* v. *Grilli*, 101 R. I. 32, 219 A.2d 913. Here, we are concerned with an employee's petition for compensation. He had the burden of convincing the commission that he could not work for respondent after December 1967 because of the pain in his back which in turn was attributable to the fall off the warehouse platform. On an appeal from the workmen's compensation commission to this court, we do not and cannot weigh evidence. If there is any competent evidence in the record or any reasonable inference that can be drawn therefrom which supports the commission's findings, its findings, absent fraud, shall not be disturbed by this court. *Hassenfeld Bros.* v. *Wolowicz*, 104 R. I. 620, 247 A.2d 834.

Here the commissioner found that the record spoke louder than the words of petitioner or his physician. The employee returned to work in June 1967 and for the next six months he did everything asked of him by respondent. He drove trucks. He carried such weighty items as refrigerators, stoves, washing machines and clothes dryers. During one week in this six-month period, he worked 64 hours and earned in excess of $183. The petitioner informed the trial commissioner that sometime previously to his employment with respondent, he had been a short-order cook. He con-

ceded that he had been looking for a job ever since he had returned to the moving business in June 1967. When asked to give the exact date he decided to leave respondent's employ and give the paying public the benefit of his culinary skill, petitioner replied that he could not say at what time he had made this decision. The trial commissioner rejected petitioner's position that during the last half of 1967 he worked for respondent while in constant pain solely because of the necessity of supporting his family. Instead, the commissioner concluded that his December departure was occasioned by his desire to become an entrepreneur who could cater to the varied appetites of the motorists who drove along Putnam Avenue in Johnston. This inferential finding by the commission, which is adverse to petitioner, finds support in the evidence and shall not be disturbed.

When it awarded petitioner his total incapacity benefits, the commission found that his average weekly wage at the time of his injury was $109.96. The petitioner "respectfully submits" that there is no evidence upon which an average weekly wage could be based. In the record which has been forwarded to us is a certified transcript of the wages paid by respondent to petitioner during the year 1967. It does not bear a stamp showing that it had been received by the trial commissioner as an exhibit. The petitioner contends that since the document is not stamped, it is not a proper exhibit and may not be considered as competent evidence. It is obvious from the file before us that the absence of the stamp is mere ministerial oversight and in no way vitiates its use by the commission. We are well aware of the procedures employed at the workmen's compensation commission and have examined at one time or another hundreds of wage transcripts which have been used to establish an employee's weekly wage. It is clear from a reading of the memorandum submitted by petitioner in support of his appeal to the full commission that he,

too, considered this document to be a valid exhibit notwithstanding the absence of the exhibit stamp. Further, we would point out that the average weekly wage established by the commission is approximately seven dollars more than the average weekly wage claimed by petitioner in his petition. This higher figure established by the commission would benefit petitioner in any subsequent proceedings where he might seek partial incapacity benefits. We have computed the average wage found by the commission and find it to comply with the formula approved by this court in *Shoren* v. *United States Rubber Co.*, 87 R. I. 319, 140 A.2d 768.

The petitioner's final reason of appeal concerns the full commission's refusal to award his attorney a fee for the services he performed incidental to respondent's appeal of the trial commissioner's award of a counsel fee. Before the commission, respondent, apparently relying on our holding in *Peloquin* v. *ITT General Controls, Inc., Hammel-Dahl Foster Division*, 104 R. I. 257, 243 A.2d 754, argued that petitioner's counsel was not entitled to a fee because all the benefits given petitioner by the trial commissioner were included in a preliminary agreement which respondent had tendered petitioner some time prior to the filing of the instant petition. The commission rejected this contention by pointing out that the hearing before the trial commissioner was instrumental in affording petitioner greater benefits than if he had executed the preliminary agreement. The average weekly wage established at the hearing was higher than the one set forth in the preliminary agreement and the description of petitioner's injury was broader in the trial commissioner's decree than the injury described in the preliminary agreement. The trial commissioner found that petitioner had a "back injury" while the agreement described the nature of petitioner's injury as being a "back strain."

In *Palumbo* v. *United States Rubber Co.,* 102 R. I. 220, 229 A.2d 620, we held that an attorney representing an employee who seeks compensation benefits is entitled to a counsel fee even though his client's success may be partial rather than total. One of the benefits the compensation act affords an injured workman in addition to weekly compensation payments is the fee an employer must pay to his employee's attorney. When the commission denied employer's appeal, the employee had attained a partial success which entitled his attorney to a fee for the services he expended in repulsing the respondent's appeal. As we said in *Palumbo,* a "disputatious" employer runs the risk, if unsuccessful, of being burdened with the cost of litigation. We therefore believe that the commission erred in not awarding a fee to the petitioner's attorney for his efforts in defending the trial commissioner's grant of a counsel fee. The petitioner's appeal insofar as it relates to the commission's failure to award a counsel fee is sustained and the cause is remanded to the workmen's compensation commission for a modification of its decree in accordance with this opinion. The appeal is otherwise denied and dismissed and the final decree, when modified, is affirmed.

Since the petitioner has prevailed on his reason of appeal assigning as error the commission's refusal to award his counsel a fee, he is entitled to a counsel fee for that portion of services performed by his attorney in this court which are related to the issue of a counsel fee. Accordingly, he shall present a motion for such fee together with a certificate by his counsel in support of such motion. Upon presentation of such motion and certificate, costs for such counsel fee shall be fixed by this court after our consideration of the question of the fairness and reasonableness of

such fee. The cause will then be remanded to the workmen's compensation commission for further proceedings.

*Raul L. Lovett,* for petitioner.

*Gunning & LaFazia, V. James Santaniello,* for respondent.