388 A.2d 4.

ANGELO MAZZARELLA *v.* ITT ROYAL ELECTRIC DIVISION.

JUNE 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. This is an employee's original petition under the Workers' Compensation Act. The trial commissioner found that the employee had failed to prove by a fair preponderance of the credible evidence that he sustained any aggravating injury to his back arising out of his employment. The case is before us on the employee's appeal from a decree of the full commission affirming the decree of the trial commissioner.

Although the testimony is conflicting on a number of points, it is undisputed that on April 25, 1972, the employee injured his lower back while moving reels in the performance of his work as an extruder operator, a position he had held with his employer for the previous 10 years. The work of an extruder operator involved rolling a reel of wire 36 inches in diameter to a position where it could be fed into a machine in which it underwent a process which coated it with plastic. After the process was completed, the wire was taken up on a finish reel then weighing 80 to 90 pounds which the operator then removed.

As a result of his injury, the employee became incapacitated for work and was paid compensation benefits under a non-prejudicial preliminary agreement. He returned to work on July 17, 1972, after having been absent 5 or 6 weeks. He continued in his employment as an extruder operator until February 19, 1974, when he began to work in a new position as a twister operator.[1] This new job entailed positioning eight reels 55 inches in diameter into place to be lifted by a machine which twisted the wire from the individual reels into a single cable. The employee worked as a twister operator from February 19, 1974, to May 23, 1975, when his employment

---

[1] From July 31, 1972, to August 21, 1972, the employee was out of work for another month, after complaining to the plant nurse of pain in his back. In addition, from October 10, 1974, to February 18, 1975, the employee was out of work for surgery to correct a non work-related medical condition.

was terminated. He has not worked for the employer since that date. During a 2-month period from March 14, 1975 to May 23, 1975, while the employee worked the twister job, the commission found that he simultaneously held another job as a special duty police officer with the Bristol Police Department. He continued to hold this position until October 31, 1975.

On July 2, 1975, the employee filed the original petition for compensation benefits which became the subject of the present appeal, claiming that he became partially disabled for work on May 23, 1975, due to the aggravation of his earlier back injury by his twister work. After independently reviewing the transcript of the hearing before the trial commissioner, the full commission entered a decree on August 3, 1976, affirming the decree of the trial commissioner and finding that the employee failed to prove that he reinjured himself by working on the twister. The employee filed a notice of appeal from the decision of the full commission on August 16, 1976.

Before considering the points raised by the employee on appeal, we note first that the employer's preliminary contention that the employee has waived his right of appeal to this court by his failure to brief and argue his reasons of appeal from the decree of the trial commissioner to the full commission is without merit. The decisions relied on by the employer pertain only to the requirement of briefing reasons for appeal before this court and are therefore inapposite to the case at bar. There is no similar requirement of filing briefs with the full commission, as G.L. 1956 (1968 Reenactment) §28-35-28 permits but does not require the filing of briefs by providing that "the parties may file * * * such briefs and memoranda as they may desire concerning the appeal." The requirement of oral argument before the full commission is also permissive. We noted in *Cairo* v. *Sayles Finishing Plants, Inc.*, 83 R.I. 297, 302, 116 A.2d 188, 191 (1955), that "the commission is free to dispense with oral argument if it sees fit to do so." There is nothing in the record to indicate that the commission based its decision on the failure of the employee to

file a brief or to argue orally on the issues presented for appeal.

Although we do not consider reasons of appeal not presented for review to the full commission, *United Wire & Supply Corp.* v. *Frenier*, 87 R.I. 31, 137 A.2d 414 (1958), the employee's reasons of appeal here were clearly set forth for the consideration of the full commission in reaching its decision.

The employee's first contention is that the commission's finding is not supported by any competent evidence. In considering this first issue we bear in mind that the burden is on the employee here, as the one asserting the affirmative in an original petition for compensation benefits, to prove all the allegations in his petition. *McAree* v. *Gerber Products Co.*, 115 R.I. 243, 342 A.2d 608 (1975). The employee must show that he was suffering from some condition or infirmity which was aggravated or lighted up as a result of his employment. *Bishop* v. *Chauvin Spinning Co.*, 86 R.I. 435, 136 A.2d 616 (1957). If the employee cannot show by a preponderance of the credible evidence that he sustained a work-related injury, then he has not sustained this burden. *Silva* v. *Matos*, 102 R.I. 437, 230 A.2d 885 (1967).

In passing on an appeal from a final decree of the full commission, it is the duty of this court to determine whether the findings of fact set forth therein are supported by any competent legal evidence, *Perron* v. *ITT Wire & Cable Div.*, 103 R.I. 336, 237 A.2d 555 (1968). Any reasonable inferences drawn by the commission, whether positive or negative, are also conclusive as findings of fact where supported by legal evidence. *Thompson* v. *Coats & Clark, Inc.*, 105 R.I. 214, 251 A.2d 403 (1969); *DeFusco* v. *Ochee Spring Water Co.*, 84 R.I. 446, 124 A.2d 867 (1956). In the instant case we review the record to determine whether the testimony contains any legally competent evidence supporting the finding that employee failed to prove any injury to his back by way of aggravation. Upon a finding of such evidence, we are

obliged to affirm the full commission's decree even if there is other evidence in the record contrary to that relied on by the commission. *Peloso, Inc.* v. *Peloso,* 103 R.I. 294, 237 A.2d 320 (1968).

The record before us reveals that the evidence adduced on the issue of the employee's termination is squarely in conflict. Although employee testified that he was fired because the pain in his back prevented him from doing his job as quickly as he should, the evidence presented by the employer indicates that he was terminated on May 23, 1975, for disciplinary reasons.[2] In addition, the evidence shows that the employee sought no medical help for his back during the period February 19, 1974, to May 23, 1975, while he was working the twister job when his back was allegedly "extremely more painful." The employee himself admitted that he never complained to the management during this period. In addition, the testimony of the plant nurse indicates that he only complained to her once in July 1972, long before he worked the twister job. This evidence amply supports the commission's finding that the twister job was not responsible for the employee's termination of employment.

Even if there were no conflicting testimony on the issue of causation, the full commission was not required to accept testimony which it found lacking in credibility. *Silva* v. *Matos, supra.* The commission found the employee's testimony impeached in two instances and so stated in its decision. First, the employee testified that he had not worked since May 23, 1975, but admitted on cross-examination that he had been employed in another capacity as a part-time special policeman in the Bristol Police Department. He had not only

---

[2]According to the testimony of the employee relations manager, there are four steps for progressive discipline for the employees. The first is a verbal warning, the second a written warning, the third a 3-day dismissal, and the final step is an outright dismissal. The employee had previously been warned for failing to set up a job properly on February 26, 1975, and had been dismissed for 3 days for failing to follow instructions on March 4, 1975. His termination on May 23, 1975, was the fourth and final step in these disciplinary proceedings.

worked on the Turnpike Authority detail from July 17, 1975, to September 15, 1975, but had also been employed on other details as early as March 14, 1975, while he simultaneously held the job as twister operator. His last assignment as a special duty police officer was on October 31, 1975. Second, the employee testified that he had not received any temporary disability insurance funds when in fact a lien had been filed indicating that he did receive such benefits.

The employee's argument that his credibility was "reestablished" because his testimony was corroborated in some respects by another witness, a circumstance which thereby compelled the commission to accept it, misconceives the function of the full commission. The process of weighing the evidence and determining the credibility of witnesses is a matter entrusted exclusively to the commission by statute, *McDonald* v. *John J. Orr & Son*, 94 R.I. 428, 181 A.2d 241 (1962); *Barnes* v. *Kaiser Aluminum & Chemical Corp.*, 96 R.I. 469, 194 A.2d 675 (1963), and in the absence of fraud, its findings are conclusive. *Dziekiewicz* v. *George Arpin & Sons*, 105 R.I. 549, 254 A.2d 76 (1969). The commission here expressly found that it did not believe the employee's testimony. Where the commission, in the exercise of its fact-finding power, determines the weight of legally competent evidence, its action therein will not be reviewed by this court. *Ferrucci* v. *Segrella*, 98 R.I. 88, 199 A.2d 732 (1964).

The employee's second contention is that the commission ignored uncontradicted and unimpeached medical testimony establishing the fact that the twister job had caused an aggravation of his back condition. It is ordinarily true that where the positive testimony of a witness is uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded and will control the decision of the trier of fact. *Silva* v. *Matos, supra; Gorman* v. *Hand Brewing Co.*, 28 R.I. 180, 66 A. 209 (1907). Under those circumstances, the party presenting undisputed evidence is also entitled to any reasonable inference which may naturally and logically arise from

the undisputed testimony. *Trzoniec* v. *General Controls Co.*, 100 R.I. 448, 216 A.2d 886 (1966); *Valente* v. *Bourne Mills*, 77 R.I. 274, 75 A.2d 191 (1950). We are, however, of the opinion that the testimony on which the employee relies as a matter of law is not the uncontradicted and unimpeached testimony contemplated by the above rule. *Ferrucci* v. *Segrella, supra.* Where medical testimony is based to a large extent on statements of medical history by the employee whose credibility carries little if any weight with the commission, it is open to evaluation, and the commission is justified in not accepting it. *La Fazia* v. *Canada Dry Corp.*, 99 R.I. 9, 205 A.2d 16 (1964). *See Barnes* v. *Kaiser Aluminum & Chemical Corp., supra; Barbieri* v. *E.M. Young Co.*, 82 R.I. 382, 110 A.2d 263 (1954).

The inference could well have been drawn that the employee suffered an injury from the greater physical exertion required when operating the twister, as he contends. However, whether the evidence is reasonably susceptible of such an inference is not the question. *Bishop* v. *Chauvin Spinning Co., supra.* The question is whether it was permissible and reasonable for the commission to draw a contrary inference as it did. *Lima* v. *William H. Haskell Manufacturing Co.*, 100 R.I. 312, 215 A.2d 229 (1965). There is competent evidence on the record to support a finding that the employee did not reinjure his back in the course of his employment, and we agree with the full commission that the employee has not sustained the burden which is his on an original petition for compensation benefits. *Roy* v. *The Great Atlantic & Pacific Tea Co.*, 99 R.I. 638, 210 A.2d 125 (1965).

The appeal of the employee is denied and dismissed, the decree of the full commission is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Keenan, Rice, Dolan, Reardon & Kiernan, H. Eliot Rice,* for respondent.