401 A.2d 1276.

DONATI IGNAGNI *vs.* DAVOL, INC.

MAY 25, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J. In this workers' compensation case, an employee appeals from a decree of the full commission affirming a decree of a trial commissioner denying the employee's original petition for compensation and dependency benefits.

The ground of the appeal is that the commission's findings are not supported by competent evidence. In passing on an appeal so grounded, our sole duty is to search the record in order to ascertain whether the commission's findings are supported by any competent evidence. If evidence of that

character can be found, the commission's findings, absent fraud, are conclusive upon us; and we are mandated by statute to sustain its decree. *Mazzarella* v. *ITT Royal Electric Division*, 120 R.I. 333, 336, 388 A.2d 4, 6 (1978); *see* G.L. 1956 (1968 Reenactment) §28-35-30. Accordingly, we examine the record.

That examination discloses an employee who had suffered from and had been medically treated for eczema since birth and who claims that he became incapacitated in September 1975 as the result of contact at work with certain irritating chemicals. His claim received some support from Dr. Eugene P. Rivera, a dermatologist and his attending physician. The doctor described the employee's condition as an "atopic eczema with acute flare-up probably due to exposure to irritants" at work and he testified that he had recommended that the employee stay out of work until his condition cleared. The doctor indicate, however, that the condition from which the employee suffered was manifested by "ups and downs." During cross-examination, he pointed out that the eczema had existed even when the employee was not working. He said that, although the flare-up could have been a delayed reaction to exposure to irritants at work, it also could have resulted from the ingestion of certain foods or have been aggravated by an emotional problem.

Our recital part of the record, notwithstanding its brevity and despite its susceptibility of a contrary conclusion regarding compensability, sufficiently demonstrates that some legal evidence exists to support the commission's finding that the employee failed to sustain his burden of establishing that his incapacity was work related. Accordingly, our only alternative is to sustain the commission. 120 R.I. at 339, 388 A.2d at 6, 7.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Bernard W. Boyer,* for respondent.