DAVOL, INC.

v.

Beatrice **ROMANOWICZ.**

No. 78–47–Appeal.

Supreme Court of Rhode Island.

May 1, 1980.

Bernard W. Boyer, Providence, for petitioner.

Raul Lovett, Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on an appeal from a decree of the Workers' Compensation Commission affirming a decree of the trial commissioner which determined on an employer's petition to review that the incapacity of the employee to do her regular work had ended.

Essentially, the employee contends that there is no competent evidence to support the findings of fact made by the commission. It is fundamental that the findings of the Workers' Compensation Commission are conclusive and binding upon this court in the event that they are supported by legally competent evidence. *Ignagni v. Davol, Inc.*, R.I., 401 A.2d 1276, 1277 (1979); *DeNardo v. Fairmount Foundries Cranston, Inc.*, R.I., 399 A.2d 1229, 1232 (1979); *Mazzarella v. ITT Royal Electric Division*, R.I., 388 A.2d 4, 6 (1978).

An examination of the record discloses that the testimony of Dr. Mariorenzi and the report of Dr. Spindell, who had been appointed as an impartial medical examiner in this case, supported the findings of the trial commissioner and the findings of the commission. Dr. Mariorenzi stated without equivocation in his report and in his oral testimony that the employee could re-

turn to her former employment as a packer. He stated that it was his impression, as a result of his recent examination, that "she can do anything she wants." The report of Dr. Spindell stated, "I believe she can do her normal work." Cross-examination of Dr. Spindell was waived by both parties.

There was evidence to the contrary. Dr. Izzi, the treating physician of the employee, stated that the employee should avoid heavy lifting and bending and that her regular work would be "excessive at this time." Dr. Fuchs had been appointed impartial medical examiner in a companion petition brought by the employee to require the employer to furnish necessary medical services. This petition was withdrawn at the outset of the hearing because the medical bills had been paid subsequently to the filing of the employee's petition. Dr. Fuchs's report is not included in the evidence in the case presently before us. However, the full commission did consider the testimony Dr. Fuchs gave when he was called before the trial commissioner for cross-examination about his report. The gist of Dr. Fuchs's testimony on cross-examination was that the employee should avoid regular repetitive lifting of ninety-pound weights. He ended his testimony by stating that if she did not have to lift ninety pounds constantly, she would be able to do her regular work. Some of the answers given by Dr. Fuchs in response to questions by the employee's counsel could be construed as indicating that he would not recommend her regularly lifting ninety-pound weights. The decision of the full commission takes into account Dr. Fuchs's testimony on this subject, although the trial commissioner did not advert to this evidence.

There is no question that the record contains competent evidence, in spite of the apparent conflict, which supports the findings of fact by the commission. It does not appear that the commission either overlooked or misconceived material evidence in reaching its conclusion that the employer had sustained its burden of proving that the employee's incapacity had ended.

■ The thrust of the employee's argument is generally directed at issues relating to credibility. Such argument was undoubtedly made to the commission and was not persuasive. It is not our function to determine questions of credibility and weight of testimony. *Peloso, Inc. v. Peloso*, 103 R.I. 294, 300, 237 A.2d 320, 324 (1968); *Corey v. Hassenfeld Bros.*, 100 R.I. 483, 484–85, 217 A.2d 82, 83 (1966).

■ The petitioner also asserts as error an evidentiary ruling by the trial commissioner. Assuming, without deciding, that it is our function to review on its merits such a ruling by the trial commissioner, when the full commission did not address the issue, *but see Moniz v. F.D. McGinn, Inc.*, 102 R.I. 394, 397, 230 A.2d 837, 839 (1967), it is apparent that the sustaining of objection to the subject question was in no way prejudicial to the employee since subsequent questions elicited fully from Dr. Fuchs all testimony that might have been regarded as favorable to the employee. *See Zuchowski v. United States Rubber Co.*, 102 R.I. 165, 170, 229 A.2d 61, 63–64 (1967).

For the reasons stated, the appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.