Carl BISSONNETTE

v.

FEDERAL DAIRY CO., INC.

No. 81-135-Appeal.

Supreme Court of Rhode Island.

March 15, 1984.

Raul L. Lovett, Marc B. Gursky, Lovett & Linder, Ltd., Providence, for plaintiff; Lauren E. Jones, Providence, on brief.

John T. Walsh, Jr., Mark McKenney, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by an employee from a decree of the Workers' Compensation Commission (commission) denying and dismissing his petition for payment of certain medical expenses.

The employee, Carl Bissonnette, suffered a cervical injury while employed as a milkman by Federal Dairy Co., Inc. (employer). A petition filed by employee was granted by the commission. The employee was found to be totally incapacitated for work. The employer was ordered to pay, inter alia, full compensation and all reasonable medical and hospital bills incurred by employee. The employer later filed a petition to review, attempting unsuccessfully to establish that employee was no longer incapacitated for work. The employee did agree, however, to a consent decree reducing the nature of his incapacity from total to partial.

The employee subsequently filed a petition to review, alleging that employer refused to pay for necessary medical services pursuant to G.L.1956 (1979 Reenactment) § 28–33–5. A hearing on the petition was held before a trial commissioner. The only issue was whether the employer should pay for the cost of a weight-loss program recommended by employee's physician. In a decision dated July 17, 1980, the trial commissioner found that employee failed to

prove by a fair preponderance of the evidence that undergoing the weight-loss program would "relieve, rehabilitate or cure [employee] from his injury."

Doctor Melvyn Gelch testified at the hearing that he had been treating employee since 1974 for quadri paresthesia, a form of paralysis of the arms and legs resulting from a spinal cord compression. The employee was twice operated on to relieve the weakness in his limbs and at the time of the hearing much of that weakness had cleared up, according to Dr. Gelch. The doctor further testified that during the course of his treatment he had had to deal with employee's tremendous obesity. After the second episode of paralysis, Dr. Gelch recommended that employee "take off whatever weight was possible" as that weight loss would help to relieve the pain that he was experiencing as a result of the weight on his arms and shoulders. At some point in his treatment, Dr. Gelch recommended that his patient attend the Weight Loss Clinic, a clinic established by a group of physicians taking only patients with medical indications for weight reduction.

The employee testified that he had lost 84 pounds since starting the program and at the time of the hearing was down to 272 pounds. He further testified that at the time of his injury he weighed about 235 pounds.

On August 1, 1980, employee filed a petition seeking review of the trial commissioner's decision by the full commission. In a decision rendered November 10, 1980, the appellate commission affirmed the trial commissioner. The appellate commission concluded that employee's reasons of appeal failed to comply with the statutory requirement of particularity in that they did not raise or point to any specific error. Notwithstanding this conclusion, the commissioners went on to discuss what they con-

sidered to be the main thrust of employee's argument. Upon reviewing the evidence, the full commission found that the decision of the trial commissioner was correct and that employee had failed to prove that undergoing the weight-loss program would relieve or rehabilitate him or cure his injury. A decree affirming the decree of the trial commissioner was entered, from which employee filed this appeal.

The employee contends that the commission's decree was not supported by legally competent evidence. He also contends that the uncontradicted evidence established that the loss of weight would relieve his pain and assist in his rehabilitation. It is employee's position that since his physician prescribed his attendance at the Weight Loss Clinic as part of a course of treatment, the expense of the clinic is properly chargeable to the employer pursuant to § 28–33–5.

In reviewing the findings of the commission, we are limited to a search of the record to see if there is any legal evidence to support the commission's findings. If there is such evidence, those findings cannot be disturbed in the absence of fraud. *Beauchesne v. David London & Co.*, 118 R.I. 651, 653, 375 A.2d 920, 921 (1977). The commission based its denial of employee's appeal on two grounds. First, the commission found that employee's reasons for appeal were totally without merit in that they were not set forth with the particularity required by § 28–35–28.[1] Second, the commission found that employee failed to meet his burden of proving that his participation in the weight-loss program would relieve or rehabilitate him or cure his injury. Our review of the evidence indicates that those conclusions were supported by the evidence before the commission.

Regarding the commission's initial conclusion, we find it clear that employee

1. General Laws 1956 (1979 Reenactment) § 28–35–28 provides in pertinent part:
   "Within such time as a commissioner shall fix * * * the appellant shall file * * * reasons of appeal stating specifically all matters determined adversely to him which he desires to appeal, together with so much of the transcript of testimony and rulings as he deems pertinent thereto * * *.

disregarded the requirements of § 28–35–28. We have stated that the commission may decide only those questions of law raised by the appeal before it. *Lamont v. Aetna Bridge Co.*, 107 R.I. 686, 690, 270 A.2d 515, 518 (1970); *Peloso v. Peloso, Inc.*, 107 R.I. 365, 372, 267 A.2d 717, 722 (1970). To that end, § 28–35–28 "requires that the reasons of appeal filed with the commission specifically state all matters determined adversely to the appellant." *Lamont v. Aetna Bridge Co.*, 107 R.I. at 690, 270 A.2d at 518. In the instant appeal, the employee's reasons of appeal were nothing more than general recitations that the decree was against the law and the evidence and that the trial commissioner placed an untenable burden on the employee. The commission, therefore, properly concluded that the reasons of appeal filed by the employee were without merit.

■ In addition to disregarding the requirements of § 28–35–28, employee has also disregarded those of § 28–35–29. That section requires an appellant upon appeal to this court to "file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal * * *." The employee's reasons of appeal filed with this court are as lacking in the required specificity as were his reasons of appeal filed with the commission. Furthermore, employee has ignored our well-established rule that "we do not consider reasons of appeal not presented for review to the full commission * * *." *Mazzarella v. ITT Royal Electric Division*, 120 R.I. 333, 336, 388 A.2d 4, 6 (1978) (citing *United Wire & Supply Corp. v. Frenier*, 87 R.I. 31, 137 A.2d 414 (1958)). *Accord Da Rosa v. Carol Cable Co.*, 121 R.I. 194, 196–97, 397 A.2d 506, 507

(1979). Although the commission addressed employee's substantive argument, in spite of the procedural defect in his appeal, those issues are no more properly set forth before this court than they were before the full commission.

■ Notwithstanding the above conclusion, we shall briefly address employee's contention that the cost of attending the weight-loss clinic is an expense properly chargeable to employer pursuant to § 28–33–5.[2] The burden of proving this allegation lies with employee. *Coletta v. Leviton Manufacturing Co.*, R.I., 437 A.2d 1380, 1383 (1981); *Mastronardi v. Zayre Corp.*, 120 R.I. 859, 862–63, 391 A.2d 112, 115 (1978). The appellate commission affirmed the trial commissioner's finding that employee had not met his burden of proof on this issue. Our review of the record discloses that there was ample evidence to support the commission's decision.[3]

■ The record indicates that the loss of weight would relieve the pain and discomfort associated with employee's injury · as well as his other medical ailments—elevated blood pressure, reduced lung capacity, and hormonal problems. As we have long held, however, pain is not compensable under our compensation statute. *Provencher v. Glas-Kraft, Inc.*, 107 R.I. 97, 103, 264 A.2d 916, 919 (1970); *see also Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 291, 387 A.2d 1034, 1039 (1978). Rather, employee must prove that the disputed treatment would relieve, rehabilitate, or cure his disability. This he has not done. As beneficial as the loss of weight may be to employee's general health, there is no evidence that he would ever be able to return to his

---

**2.** Section 28–33–5 in pertinent part provides: "The employer shall * * * promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment * * * for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *."

**3.** We have construed § 28–33–5 as also requiring independent evidence of the reasonableness

of charges before recovery can be had for the costs of medical services. *Mastronardi v. Zayre Corp.*, 120 R.I. 859, 862–63, 391 A.2d 112, 116 (1978). Here, no evidence was presented to support a claim that the medical expenses were reasonable. In fact, no evidence of the cost of attending the clinic was presented before the trial commissioner.

former work, even assuming the loss of weight.

■ Furthermore, employee made no showing that his obesity was caused by or was an effect of his injury. In light of these facts, compensating employee for the expenses of the weight-loss clinic would be tantamount to providing him with general health insurance. Such a result was never intended under the Workers Compensation Act. *See Geigy Chemical Corp. v. Zuckerman,* 106 R.I. 534, 541, 261 A.2d 844, 848–49 (1970).

For the stated reasons, the employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.