Roger J. COUSINEAU

v.

ITT ROYAL ELECTRIC.

No. 81–444–Appeal.

Supreme Court of Rhode Island.

Nov. 15, 1984.

Raul L. Lovett, Marc B. Gursky, Lauren E. Jones, on brief Providence, for plaintiff.

Gerard S. Lobosco, Bernard W. Boyer, Boyer Reynolds & DeMarco, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by an employee from a decree of the appellate commission denying and dismissing his petition seeking compensation benefits for a double hernia. We concur with the Workers' Compensation Commission's (commission) findings of fact and affirm the judgment of the appellate commission.

In his original petition, employee Roger Cousineau, claimed that he had suffered a hernia as a result of "handling" copper wheels, that is, lifting and rolling reels of copper wire as required by his employment as an intermediate wire operator at ITT Royal Electric.[1] Although employee failed to set forth a specific date of injury in his petition, he claimed his first day of incapacity was August 3, 1979.

Prior to commencing employment with ITT in June of 1978, employee had undergone a preemployment physical examination by the plant physician who, according to employee's testimony before the commission, gave him a clean bill of health. On August 3, 1979, a little over a year after commencing his employment at ITT Royal Electric, employee applied for a job with the Raytheon Corporation and underwent a physical examination by Raytheon's plant physician, Dr. McNally. Doctor McNally informed employee that he suffered from bilateral inguinal hernias. Consequently, employee's own physician, Dr. Albert Resnick, provided him with a note for his employer, ITT Royal Electric, recommending that he perform only light-duty work. The employer informed employee that there was no light-duty work available and that his employment was terminated as of Monday of the following week. The employee had performed his regular work up to and including August 3, 1979, without complaining. He underwent corrective surgery on August 21, 1979, and returned to work for a new employer on October 9, 1979.

The trial commissioner's decision, rendered on July 17, 1980, stated that the evidence presented was not of sufficient probative force to allow an inference that the hernia was caused by either the peculiar characteristics of employee's employment or the conditions under which it was performed. Consequently, the trial commissioner's decree contained a finding of fact that employee had not met the requisite burden of proving, by a fair preponderance of the evidence, that the hernia had been caused by the characteristics or conditions of employment. Since he found that any incapacity for work that employee sustained subsequent to August 20, 1979, was related to the corrective surgery and not to Mr. Cousineau's employment, the commissioner denied and dismissed the petition. A final decree was entered to that effect on July 21, 1980.

On July 22, 1980, employee filed an appeal with the appellate commission and followed with his reasons of appeal on January 20, 1981. The appellate commission filed its decision on July 14, 1981, affirming the trial commissioner's decree. The appel-

1. The employee was required to roll the reels, weighing approximately 1,000 pounds, for a distance of 30 to 35 feet. Next, employee placed these reels on a machine where the wire was drawn through and taken up on a smaller reel that when filled weighed approximately 250 pounds. Finally, employee was required to lift these smaller reels off the machine.

late commission held that employee had not established the requisite nexus between the hernia and the resulting incapacity as required by G.L. 1956 (1979 Reenactment) § 28–34–2.[2] According to the appellate commission's decision, there was not a scintilla of evidence that any incident that could be classified as a "strain" had occurred. Thus, the appellate commission concurred with the trial commissioner's finding that employee had not sustained the burden of proof required by subsection 27 of § 28–34–2.

On July 20, 1981, employee filed a notice of appeal to this court. The issue before us is whether the appellate commission erred in ruling that employee had failed to establish a compensable injury under the Workers' Compensation Act.

 The employee claims that § 28–34–2 of the Workers' Compensation Act is not the exclusive remedial section in these circumstances and that he may recover, in the alternative, pursuant to G.L. 1956 (1979 Reenactment) § 28–33–1.[3] However, since employee failed to raise § 28–33–1 as a ground for recovery either before the trial commissioner or in his reasons of appeal to the appellate commission, we decline to consider the portion of employee's appeal that argues for the application of § 28–33–1. The employee has ignored our well-established rule that "we do not consider reasons of appeal not presented for review to the full commission." *Mazzarella v. ITT Royal Electric Division,* 120 R.I. 333, 336, 388 A.2d 4, 6 (1978) (citing *United Wire & Supply Corp. v. Frenier,* 87 R.I. 31, 137 A.2d 414 (1958)); *accord Bissonnette v. Federal Dairy Co.,* R.I., 472 A.2d 1223, 1226 (1984); *Da Rosa v. Carol Cable Co.,* 121 R.I. 194, 196–97, 397 A.2d 506, 507 (1979). Although the appellate commission

addressed employee's substantive argument, in spite of the procedural defect in his appeal, those issues are no more properly set forth before this court than they were before the full commission. *Bissonnette v. Federal Dairy Co.,* 472 A.2d at 1226.

 In reviewing findings of fact, this court must apply a limited form of review and determine only whether the commission's conclusion is supported by competent legal evidence. Questions of fact are within the province of the commission, *Silva v. James Ursini Co.,* R.I., 475 A.2d 205, 207 (1984) (citing *Beauchesne v. David London & Co.,* 118 R.I. 651, 653, 375 A.2d 920, 921 (1977); *Knowlton v. Porter Trucking Co.,* 117 R.I. 28, 31–32, 362 A.2d 131, 134 (1976)), and will be conclusive and binding upon this court as long as they are supported by such evidence. *Davol, Inc. v. Romanowicz,* R.I. 414 A.2d 469 (1980). Consequently, the commission's finding that the evidence was not of a sufficient probative force to establish a nexus between the hernia and the employment is binding upon us if we find that is supported by legally competent evidence.

 In reviewing the evidence in this case, which consists primarily of the testimony of employee and his physician, we find that the commission's fact findings are supported by the evidence. Although the treating physician, Dr. James Sabra, testified that there was a probable causal connection between his patient's work at ITT and his hernia, he could not make this statement with the requisite degree of precision. This physician could not state when the hernias occurred since the employee had not reported "to the employer" an incident of strain occurring during work as

---

**2.** Subsection 27 of G.L. 1956 (1979 Reenactment) § 28–34–2 provides, "Hernia, clearly recent in origin and resulting from a strain arising out of and in the course of employment and promptly reported to the employer."

**3.** General Laws 1956 (1979 Reenactment) § 28–33–1 provides in pertinent part,

If an employee * * * receives a personal injury arising out of and in the course of his employment, connected therewith and referable thereto, he shall be paid compensation, as hereinafter provided, by an employer subject or who shall have elected to become subject to the provisions of chapters 29 to 38, inclusive, of this title.

required by § 28-34-2(27).[4] It is clear to us that the evidence before the commission was far from unequivocal. Thus, the trial commissioner's factual determination, that the employee had failed to sustain his burden of proving, by a fair preponderance of the evidence, that an incident of strain resulting from his employment had caused the hernia to develop as required by § 28-34-2(27), was warranted.

Since this finding of fact, which is within the province of the commission is based upon legally competent evidence, it is binding and conclusive on this court. The appeal is denied and dismissed, and the decree appealed from is affirmed.

---

**4.** In fact, the doctor testified that employee had never once complained of experiencing pain prior to being informed that the hernias existed. According to the doctor, total disability resulted from the hernia and the corrective surgery and lasted from August 21, 1979 (the date of surgery) until October 3, 1979.